## THE PEOPLE, *ex rel.* S. & O. TITUS, *against* THE JUDGES OF THE COURT OF COMMON PLEAS OF THE COUNTY OF DUTCHESS.

On appeal to the C. P. from the judgment of a justice, the party need not execute the appeal bond.

It is sufficient, if executed by competent sureties.

One of two parties cannot bind the other by executing an appeal bond for both.

So of two partners.

ON appeal from a justice's court by S. and O. Titus, against Schermerhorn, the C. P. of Dutchess dismissed the appeal, on the ground that the appeal bond was executed by only one of the appellants, being signed and sealed by him thus; "Stephen & Obadiah Titus, (L. S.)"

On the Judges' showing this for cause,

A motion was now made for a peremptory mandamus, commanding them to set aside their rule dismissing the appeal; and to proceed upon it.

*H. Swift*, for the motion.

*T. J. Oakley*, contra, said the statute (sess. 47, ch. 238, s. 37,) required the bond to be signed by the *party* appealing. The word *party* is often used in the same section; and in a sense which, it cannot be doubted, extends to *all the parties.* Thus, either *party* conceiving himself aggrieved, may appeal. The *party* appealing is to serve a notice signed by the *party* appealing, &c. So the word *appellant*, although grammatically singular, was doubtless intended, as used in this section, of *all* the parties who appeal. Thus, in case judgment is rendered against the *appellant*, the bond is that

he shall pay, &c.. If the judgment may have been render- <span style="float:right">ALBANY, Oct. 1825.</span>
ed against the *appellant* before the justice, the further con-
dition shall be added, &c. and so in various other instances, <span style="float:right">Ex parte Holbrook.</span>
(which he put) where *party*, or *appellant*, in the singular,
has a plural meaning. Is the case before the Court an ex-
ception? It would seem to be necessary that the party
should himself execute the bond, in order to signify his as-
sent to the appeal, and give the `C. P. jurisdiction. The
statute concerning writs of error, (1 R. L. 143, s. 2,) ex-
pressly provides for an absent party, and requires three
sureties; when otherwise two would be enough.

*Curia.* Clearly one of two men, though partners, can-
not bind the other by specialty upon the footing of his
general authority. But we think there is no necessity for
the party to give the bond, provided the security is fully
competent without him. The main object of the bond is,
not to give the Court jurisdiction, though it is made inci-
dentally necessary, for this purpose, by the statute; but
to make the appellee secure in recovering his demand.
This purpose is just as well answered without the party,
as with him, provided competent sureties execute the
bond.(*a*) The Court below erred; and the motion must
be granted.

Rule for a peremptory mandamus.

(*a*) *Barnes* v. *Bulwer*, (Carth. 121,) and *Goodtitle* v. *Bennington*, (Barn.
75,) S. P. upon the English statute, which requires the *party* to enter into
recognizance, in order to stay execution upon writ of error brought.