JAMES DREA vs. FRANCIS A. CARIVEAU and another.

September 29, 1881.

**Former Action still Pending Considered and held a Bar.**—Action for damages for breach of contract of service. Answer, former suit pending for the same cause of action. Complaint in the former suit considered, and *held* that it set up the same cause of action as that set up in the present action. Also, that the record in the former suit did not warrant the court in assuming that this cause of action had been withdrawn, or dismissed in the former suit before trial; that, therefore, the court erred in excluding the evidence offered by defendants to prove the pendency of a former suit for the same cause of action.

Appeal by defendants from an order of the district court for Ramsey county, *Wilkin*, J., presiding, refusing a new trial.

*Lamprey & James*, for appellants.

*J. B. Brisbin*, for respondent.

MITCHELL, J. Appeal from an order denying a new trial. The motion was made on the ground, among others, of errors of law occurring at the trial and duly excepted to. One of the grounds of error assigned is that the court below erred in excluding, under defendants' exception, evidence offered by them tending to prove the pendency of a former suit between the same parties for the same cause of action.

The cause of action set up in the present case is that defendants, for a valuable consideration, promised and agreed with plaintiff, December 26, 1877, to employ him in the capacity of baker for one year from that date, and pay him for his services $75 per month; that, in accordance with that agreement, he at once tendered his services, which defendants refused to accept; that he has always been ready and willing to perform this contract, but that defendants have entirely failed to perform the same on their part, although thereto requested; that, after such refusal, he was unable to obtain other employment, and therefore demands judgment. The defendants, in their answer, *first*, deny making such a contract; and, *secondly*, allege the pendency in the same court of a former suit for the same cause of action, in which a trial had been already had upon the merits, in which the court had made and filed its decision adverse to the plaintiff, finding that plaintiff had never tendered his services to the defendants, and that they had never refused to accept them.

On the trial of this case, the defendants offered in evidence, in support of their second defence, the pleadings, records and files of the court in the former action between the same parties, which, upon plaintiff's objection, were excluded, and defendants excepted. The defendants then also offered, in connection with their first offer, to prove by competent evidence that, upon the trial of the former action, the alleged contract which is the basis of the present suit, and the question of the performance or non-performance thereof, were fully gone into on both sides; that evidence on both sides was introduced to the question of the existence or non-existence, and the performance or non-performance, of said contract, and as to whether plaintiff was entitled to recover thereon. This offer was also, upon plaintiff's objection, excluded, and defendants excepted. To determine as to the correctness of these rulings, it becomes necessary to consider the pleadings, and the other files and records, in the former suit.

The substance of the complaint in the former action, so far as here material, is as follows: It alleges a copartnership between plaintiff and defendants in the bakery business from September 11, 1877, to December 26, 1877, the earning of large profits therein, which defendants had failed to account for to plaintiff, and certain derelic-

tions of duty on part of defendants in the management of the business. The complaint then proceeds: "The plaintiff, further complaining, alleges that about the 24th of December, 1877, the defendants proposed a dissolution of the copartnership theretofore existing between plaintiff and defendants, and to remove the said place of business from plaintiff's said premises, and offered, as an inducement and consideration thereto, to   *   *   *   employ plaintiff in his capacity of baker, and pay him for his services the sum of $75 per month for the space of one year; that plaintiff accepted the said proposition, and about the 26th of December, 1877, abandoned and surrendered to defendants the entire business, properties and assets of the said partnership, and the said business was thereafter transferred from plaintiff's said premises to a place remote therefrom in St. Paul, and there established and there continues; that in pursuance and part-performance of the conditions of the said dissolution, as aforesaid, the plaintiff at once offered and tendered his services to the defendants, and proposed to enter their service, but that the defendants then and there and ever since, refused, and always have refused, to accept of plaintiff's services,   *   *   *   and in lieu thereof have employed, and now are employing, the services of another person in the capacity in which plaintiff was to be employed, as aforesaid." Then follows the prayer for judgment, which, among other things, asks "that defendants may be compelled to account to the plaintiff, and make a true, full and perfect discovery of and concerning all and every of the matters herein contained," and "that there may be a full settlement and accounting between the parties of all matters, and that the copartnership may be adjudged to be dissolved as of date December 26, 1877, and that plaintiff may have such relief in damages as he may be entitled to," and "such other and further relief as to the court may appear meet and proper."

To this complaint the defendants took no exception, either as to form or substance, but answered on the merits, denying, among other things, that they ever made a contract to employ plaintiff for a year or any other time, except that they offered to hire him so long as both parties should desire, but that plaintiff refused to accept said offer, and also alleging that they never refused to accept his services.

The records also show the cause came on for trial March 5, 1879. The court filed his findings May 9, 1879, in which, after reciting that "by agreement of parties a trial was had only of the issues made by the pleadings as to the existence and terms of a partnership between plaintiff and defendants, and the basis of an accounting between them," he finds, among other things, in substance, that plaintiff and defendants never were copartners, but that defendants employed plaintiff as a baker to manage their business for one year from September 11, 1877, and for his services were to pay him one-third of the net profits of the business; that, by mutual consent, this arrangement was terminated December 28, 1877, and that, in consideration thereof and as a part of said transaction, it was mutually agreed between the parties that plaintiff should work for defendants, and that defendants should employ plaintiff, for the period of one year from that date at $75 per month, to be paid by defendants; that plaintiff has not worked for defendants since said 28th of December, 1877, nor offered so to do, nor have defendants refused to give him employment.

In determining whether the court erred in excluding the evidence of the pendency of the former action, the first and main question is whether the complaint therein states the same cause of action as that set up in the present suit. It undoubtedly sets up the same contract or transaction. If there existed any ambiguity or doubt on this point, it was competent to show the identity by parol, as proposed by the defendants. We think that the complaint in the first action sets up the same contract and breach, either as a separate cause of action from that for the accounting and settlement of the alleged partnership, or as a part of the same cause of action. Which of the two was the design of the pleader is immaterial. That the pleading might have been double, or demurrable, on the ground that two causes of action were improperly united, would also be immaterial, so long as the defendants waived the objection. Plaintiff is in no position to raise any such objection to his own pleading. These facts must have been pleaded as the ground for the recovery of damages for the breach of this contract for hire. They could have been pleaded for no other purpose. They had no possible connection with plaintiff's right to have an accounting and settlement of the

alleged. copartnership business, and hence cannot be presumed to have been inserted in the pleading for the purpose of aiding the allegations of the complaint in that regard.

But it is suggested that the complaint in the first action does not state facts sufficient to constitute a cause of action, and therefore no recovery could have been had thereon. It is doubtless true that if the complaint stated no cause of action, it would not tend to support a plea of former action pending. But if it states sufficient facts to sustain a recovery at all, however irregularly and imperfectly stated, and if the cause of action so stated was the same set up in the second action, then it would sustain the plea. And we are of opinion that the complaint in the first action does state facts sufficient to constitute a cause of action on this contract. In fact, it contains all the allegations that are contained in the complaint in the present action, except the allegations that plaintiff has always been ready and willing to perform, and that he has been unable to find other employment, neither of which were material. *King* v. *Steiren,* 44 Pa. St. 99; *Costigan* v. *Mohawk & H. R. Co.,* 2 Denio, 609; *Howard* v. *Daly,* 61 N. Y. 362; *Barker* v. *Knickerbocker Life Ins. Co.,* 24 Wis. 630.

It is also suggested that even if the same cause of action was set up in the complaint in the former action, yet that it appears from the findings of the court that, by consent, this was withdrawn before the trial. The only thing to sustain this position is the statement contained in the findings of the court that "by agreement of parties a trial was had only of the issues made by the pleadings as to the existence and terms of a partnership between plaintiff and defendants, and the basis of an accounting between them." In the absence of anything else in the record, by way of stipulation or otherwise, showing a dismissal of this cause of action, we do not think that this recital, which is, properly speaking, no part of the findings, warrants the court in assuming that that cause of action had been withdrawn, especially in view of the fact that the court finds specifically on all the issues of fact involved therein, and that the defendants offered to show that these issues had in fact been tried on the merits. Our conclusion, therefore, is that the court erred in excluding the evidence offered, tending to prove the pendency of a former

action. This being decisive of the case, it becomes unnecessary to consider the other points made by appellant. But, inasmuch as another trial may be had, we deem it proper to add that we find no other error in the case. But, for the reason already given, the order appealed from must be reversed.

Order reversed, and new trial granted.