## M. HOWARD *vs.* JOHN MANDERFIELD.

### December 29, 1883.

**Fraudulent Transfer of Goods—Attachment—Proofs to sustain Officer's Justification.**—An officer, under a writ of attachment against A, levied upon goods in the possession of B. In an action by B against the officer to recover the value of the property, the officer attempted to justify the taking, on the ground that the plaintiff's title was derived from the defendant in the writ, by a transfer which was fraudulent and void as to creditors. *Held*, that it was incumbent upon the officer to prove, not only the writ and the indebtedness of the plaintiff's vendor to

v.31—22

the person in whose favor the writ was issued, but the preliminary proceedings authorizing the issuing of it.

'Same—Subsequent Levy and Sale provable in Mitigation.—In such a case, although the defendant fails in the attempted justification, he may show, in mitigation of damages, the fraudulent nature of plaintiff's title, and that, subsequently to the levy complained of, and in an action by a creditor of the plaintiff's vendor against the latter, the property had been lawfully levied upon by attachment, and subsequently sold upon execution.

Attachment Bond without Principal Obligor.—An attachment bond executed by two persons other than the plaintiff in the proceeding, they justifying in proper amounts, is sufficient, although there was no principal obligor in the bond to whom the other obligors stood in the relation of sureties.

Appeals by defendant from a judgment of the district court for Brown county, entered upon the report of a referee, and from an order by *Severance*, J., (acting for the judge of the 9th district,) refusing a new trial.

*Jones & Gove*, for appellant.

*M. Howard*, for respondent.

DICKINSON, J.   Action in the nature of trover for the conversion of a stock of merchandise, in a store at Sleepy Eye, Brown county. One Whiting had been the owner of the property.   On the sixth day of October, Whiting sold the property to this plaintiff with the intent to defraud creditors, in which fraudulent purpose the plaintiff participated.   Among the creditors of Whiting was one Woodworth, and a firm doing business under the name of Farrington & Schmahl. On the eighth of October, a writ of attachment was issued out of the district court against the property of Whiting, in favor of Farrington & Schmahl, and delivered to the defendant, who was the sheriff of Brown county.   By virtue of this writ the defendant levied upon the property in question, on the ninth day of October.   This seizure of the property constitutes the ground of this action.   The action was commenced on the fifth day of November.   On the sixth day of November, by virtue of an attachment duly issued in an action by Woodworth against Whiting, the defendant again levied upon the property in question, then held by him under his prior levy.   Judgment was

recovered by Woodworth in that action, and, by virtue of execution duly issued thereon, the defendant sold the property. Upon the trial before a referee, judgment was awarded for the recovery of the full value of the property.

In justification of the taking, and as a defence, the defendant, having shown the indebtedness of Whiting, and the fraudulent character of plaintiff's title, relied upon his writ of attachment in favor of Farrington & Schmahl against Whiting. No proof was made that the writ was regularly issued, no affidavit or bond being shown. *Hines v. Chambers*, 29 Minn. 7, is relied upon as deciding that no such proof was necessary. Such is not the effect of that decision. The affidavit and bond upon which the writ was issued were shown in that case, and, as the opinion states, were admitted to have been sufficient. The decision was directed to other questions. It is well established that where an officer, in order to justify a seizure of goods under an attachment, attacks the plaintiff's title on the ground that it was acquired by a conveyance from the defendant in the writ which was fraudulent and void as to creditors, he must show not only the indebtedness in favor of the plaintiff in the writ, and the writ itself, but the preliminary proceedings which authorized the issuing of it. *Noble* v. *Holmes*, 5 Hill, 194; *Van Etten* v. *Hurst*, 6 Hill, 311; *Mathews* v. *Densmore*, 43 Mich. 461; *Thornburgh* v. *Hand*, 7 Cal. 554; 2 Phil. Ev. Cow. & Hill's Notes, (5th Am. Ed.) *366; and see *Braley* v. *Byrnes*, 20 Minn. 389, (435.) We agree, therefore, with the court below that the defendant failed to justify the taking complained of.

It is claimed on the part of the defendant that he was entitled to have the subsequent levy and sale of the property considered and allowed in mitigation of damages, and so we decide the law to be. In an action to recover the value of personal property wrongfully taken from the plaintiff, the defendant may, when, at least, he has acted in good faith, show in mitigation of damages that the property had been, by legal process in favor of a third person and against the plaintiff, lawfully taken from the defendant and sold, and thus legally applied to discharge an obligation of the plaintiff. *Higgins* v. *Whitney*, 24 Wend. 379; *Sherry* v. *Schuyler*, 2 Hill, 204; *Ball* v. *Liney*, 48 N. Y. 6; *Irish* v. *Cloyes*, 8 Vt. 30; *Curtis* v. *Ward*, 20 Conn. 204; *Ka-*

ley v. *Shed*, 10 Met. 317; *Cooper* v. *Newman*, 45 N. H. 339; *Hopple*
v. *Higbee*, 23 N. J. Law, 342; *Cotton* v. *Reed*, 2 Wis. 458; *Bates* v.
*Courtwright*, 36 Ill. 518.   Or the officer may show in mitigation that
the property belonged to another than the plaintiff, and that it had
been lawfully taken from him (the defendant) and disposed of, upon
legal process against the owner, in favor of one who had a right, *as
against both the owner and the plaintiff*, to have the property so ap-
propriated.   *Squire* v. *Hollenbeck*, 9 Pick. 551; *Perry* v. *Chandler*, 2
Cush. 237; *Hanson* v. *Herrick*, 100 Mass. 323; *Stewart* v. *Martin*, 16
Vt. 397.

It will be observed that only the last of these two propositions, to
which we have here cited authorities, is in terms applicable to this
case; but both propositions rest substantially upon the same princi-
ple, and we deem our decision upon this point supported by all of the
authorities cited above.   The principle upon which both classes of
cases rest may be thus expressed:   The plaintiff, from whom prop-
erty has been wrongfully taken, is entitled (the case not being of a
nature to warrant exemplary damages) only to compensation for the
injury he has suffered by reason of the wrong complained of; and
since, notwithstanding the unauthorized taking, the property has been
by legal process seized and disposed of in favor of one who, as against
the plaintiff, had a right to have the property so appropriated, the
rule of compensation only requires that the plaintiff be recompensed
for the trespass, and for being deprived of the enjoyment of the prop-
erty up to the time when he was legally divested of his right to pos-
sess the property, and of whatever interest or title he may have had
in it.

As against the creditors of Whiting, this plaintiff, being a fraudu-
lent vendee, had no property in the goods.   Through proceedings had
at the suit of one of such creditors, the title was transferred directly
from Whiting to the purchaser at the execution sale.   No title or
right respecting the property remained in the plaintiff, nor was he
answerable for the property to Whiting.   As respects both Whiting
and the plaintiff, Woodworth was entitled to have the goods so ap-
propriated and disposed of.   The plaintiff will be compensated for
all injury he has suffered, if he shall be recompensed for the trespass

:and for the loss of possession prior to the levy under the Woodworth ·attachment. We deem it immaterial whether the process in Woodworth's action was executed by this defendant or by another officer. It is enough that it was legal process, and legally executed. It may be observed, further, that, so far as appears, the subsequent levy upon .and disposal of the property were not in behalf of this defendant, nor had he any part therein, except as an officer executing the duties of his office, as he was bound to do. The case is not, therefore, within those decisions (as to the correctness of which we express no opinion) which have maintained that a legal appropriation of the property *in favor of the wrong-doer*, subsequent to the wrongful conversion, may not be considered in mitigation of damages. For the reasons here indicated, it was error to award a recovery of the value of the property, and a new trial must be granted.

The motion for a new trial was in part based upon the ground of surprise and excusable neglect of the defendant. It is obviously unnecessary to consider these grounds. There was, however, involved in the motion another question which may again arise if there should be a retrial, and we therefore decide it here.

The record before us presents what is assumed to be a copy of the bond upon which the attachment in favor of Farrington & Schmahl was issued. The plaintiff contends that it was insufficient. The bond is executed by one Talbot and one Parker, and by them only, .and is, and purports to be, their obligation in favor of the defendant in the process, with the proper statutory conditions. They each justify in the amount required by the statute. This is a substantial compliance with the statute, which requires a bond "on the part of the plaintiff with sufficient sureties." It was not necessary that there should be in the bond a principal obligor, to whom the other persons obligating themselves in favor of the defendants should stand in the relation of sureties. *Keene* v. *Deardon*, 8 East, 298; *Dixon* v. *Dixon*, 2 Bos. & P. 443; *Taylor* v. *Ricards*, 9 Ark. 378; *Barnett* v. *Warren Cir. Ct.*, Hardin, (Ky.) 180; *Thom* v. *Savage*, 1 Blackf. 51; *People* v. *Judges Court Com. Pl.*, 5 Cow. 34; *Chandler* v. *Smith*, 14 Mass. 313.

Judgment set aside, and new trial granted.