BENEDICT M. GOLDSCHMIDT *vs.* COUNTY OF NOBLES.

May 30, 1887.

37    49
79    87

**Res Judicata — Judgment on Conflicting Claims of Defendants.—**
Where conflicting claims to the ownership of property are affirmatively made and set up in their answers by several defendants in an action, the court may by its judgment determine the rights of such defendants among themselves; and such judgment will be evidence of title in subsequent actions where the same is called in question.

On May 1, 1877, the auditor of Nobles county sold and assigned to one Henry D. Winters a certificate of tax sale made to the state in 1875. This tax sale was afterwards declared void in an action
v.37 M—4

tried in the district court for Nobles county. The plaintiff, alleging that Winters had duly sold and transferred to him the certificate of tax sale and all rights thereunder, brought this action in the district court for Nobles county to recover the amount paid by Winters for the assignment. The answer denies that Winters ever sold or transferred the certificate of tax sale or any rights thereunder to the plaintiff, and denies that the plaintiff is the owner or holder thereof or of any rights acquired thereunder. No other issue was made by the answer. The action was tried by *Perkins*, J., without a jury, and judgment ordered and entered for plaintiff, from which the defendant appeals.

The assignment made by the auditor to Winters bore date May 1, 1877, and recited that the tax sale was made on December 4, 1875, under a tax judgment entered *August 30, 1877.* Otherwise it was in the usual form.

*L. M. Lange,* for appellant.

*Daniel Rohrer,* for respondent.

VANDERBURGH, J. It stands admitted on the record that the county auditor on the first day of May, 1877, issued to one Henry D. Winters a certificate of assignment of the interest of the state in the certain lots described in the complaint, which had been bid in for and assigned to the state at a previous tax-judgment sale, pursuant to the law of 1874, upon the payment by him of the amount for which the same was so bid in, with interest, and that such tax sale has since— to wit, March 30, 1885—been duly adjudged void in a suit by the land-owner to determine the question of its validity. It follows, therefore, that the assignee of the state, or party holding his right, is entitled to be repaid from the county treasury the sum paid by such assignee upon taking the assignment from the state, with interest, as provided by Gen. St. 1878, *c.* 11, § 97. *State* v. *Cronkhite,* 28 Minn. 197, (9 N. W. Rep. 681;) *Coles* v. *County of Washington,* 35 Minn. 124, (27 N. W. Rep. 497.)

The only issue in the case is raised by the denial, in the answer, of the transfer of the certificate of assignment to plaintiff, who claims to have succeeded to Winters' rights as holder thereof. Upon this issue the court finds, in this case, that Winters, on the sec-

ond day of November, 1877, executed, acknowledged, and delivered an assignment in due form of his certificate of assignment, with a blank space for the name of the assignee, purporting to transfer all his interests and rights under the same. That thereafter one Robert D. Miller's name was inserted in the blank as assignee, but by whom does not appear, and that since November 2, 1877, plaintiff has been the owner and holder of the certificate. But, apart from the record of the judgment in the former action by the land-owner, there is no evidence in the case that the assignment was executed in blank; and the recitals in the judgment record in that case in respect to that matter are not evidence in this case; and the recital of the certificate of the register of deeds indorsed on the original assignment, and which was admitted against the defendant's objection, is not evidence thereof.

The certificate, with the assignment thereof running to Robert D. Miller, is the only evidence (outside the judgment record referred to) before the court of an assignment and transfer by Winters, and this is sufficient to show, *prima facie* at least, that the title had passed from him. But in the former action both this plaintiff and Robert D. Miller were made parties defendant, and each answered setting up title to the certificate, and asking an affirmative adjudication in his favor; and judgment was rendered determining their respective claims, and adjudging that the plaintiff herein, Benedict M. Goldschmidt, is the owner of the tax certificate made by the auditor to Henry D. Winters, and is entitled to all sums paid thereon on account of the tax judgment being null and void. This judgment is conclusive as to the title as between Miller and Goldschmidt, and must be accepted as such. Gen. St. 1878, *c.* 66, § 264. But to defeat Miller's *prima facie* title to the certificate by virtue of the assignment thereof which was in fact executed by Winters, plaintiff must have acquired the title thereto, and is "the party holding the right" of such assignee, and the judgment necessarily involves the determination of that fact, and is therefore evidence upon the question of plaintiff's title. Freem. Judgm. § 416.

The misrecital of the date of the tax judgment is manifestly a clerical error, and is not material.

Judgment affirmed.