CHARLES BEYERSDORF *vs.* A. L. SUMP and another.

December 14, 1888.

Action for Malicious Attachment—Requisites of Complaint.—In an action for damages for the malicious issuance of an attachment, against the plaintiff in the attachment suit, it must be alleged and shown that it was issued maliciously, and without probable cause. But a complaint which alleges that the affidavit for an attachment, made by the party plaintiff in such suit, was false in every particular, and so known to be by the affiant at the time, is sufficient as against a general objection at the trial to the admission of any evidence under it.

Former Action Pending, when Pleadable as Defence.—The pendency of a former action for the same cause, and between the same parties, may be shown in abatement, where a judgment in such action would be a bar

to a judgment in the second action; and it is not material that the form of the two actions may differ, or that there are additional parties defendant in such former suit, if each action is predicated upon substantially the same facts as respects the defendants named in both.

**Joint Trespassers—Form of Verdict.**—Where, in trespass *de bonis*, against two defendants, both are found jointly liable for a portion of the goods, and one severally liable for the balance, the verdict may be according to the facts as found.

**Damages—Goods Wrongfully Detained from Owner, and afterwards Levied on and Sold.**—Where goods are wrongfully and fraudulently withheld from the owner, for the purpose of subjecting them to levy under process to be issued, the wrong-doer will not be permitted to show the application thereof in satisfaction of an execution issued upon a judgment against the owner. But where goods, though detained without lawful authority, are subject to levy, and are in good faith and without fraud or collusion subsequently levied on and sold under process against the owner, that fact may be shown in mitigation.

Appeal by defendants, A. L. Sump and A. J. Mullen, from a judgment of the district court for Hennepin county, and from an order refusing a new trial, after a trial before *Rea*, J., and a jury. The complaint alleges that on February 9, 1877, Sump brought suit against plaintiff in the municipal court of Minneapolis, and, upon affidavit that the plaintiff was about to assign, secrete and dispose of his property with intent to defraud his creditors, caused a writ of attachment to be issued, by virtue of which the defendant Mullen, a police officer of the city, entered plaintiff's place of business, ejected him therefrom, levied on his personal property therein, and converted it to his own use, whereby it was wholly lost to plaintiff. That the property levied on was in use by plaintiff in his business as a caterer, and was exempt from levy, as plaintiff well knew; that the affidavit for attachment was, and was known to Sump to be, false in every particular; that the attachment was dissolved on February 14th, and the plaintiff thereupon demanded of Mullen possession of the attached property, which was refused, and the property was converted by defendants to their own use, to plaintiff's damage in the sum of $250.

The defendants, in their answer, alleged that the affidavit was made, and the attachment made, in good faith, etc.; that when it

was dissolved, the attached property was in possession of one Baehr, and after the dissolution the defendant Sump caused a garnishee summons, in his action against plaintiff, to be issued and served on Baehr. That on February 25th, Sump recovered judgment in his suit against plaintiff, and caused execution to be issued and to be levied on the property, which had remained in Baehr's possession, and that the property (except 24 chairs claimed by and delivered to the Standard Furniture Co.) was sold under the execution, and the proceeds applied in part-payment of the judgment. The answer also pleads the pendency of a prior action between the same parties for the same cause.

The complaint in the former action (brought against these defendants and the sureties in the attachment bond) contains substantially the same averments as the complaint in this action.

*Jordan, Penney & Hammond,* for appellants.

*John H. Long,* for respondent.

VANDERBURGH, J. There is no evidence that the attachment described in the complaint was issued maliciously and without probable cause; and the court submitted the case to the jury solely upon the evidence of the conduct of the defendants in withholding the goods from the plaintiff after the dissolution of the attachment.

1. No objection having been made to the complaint for misjoinder of causes of action, the court properly overruled the objection made on behalf of both defendants jointly to the admission of any evidence in the case under the complaint. In respect to the defendant Mullen, the officer who attached the property in question, it is alleged that he refused to deliver the same to plaintiff upon demand, after the attachment was dissolved. This shows a liability against him. But there is nothing to connect him with the acts of defendant Sump in causing the writ to be issued, and the writ was a protection to the officer, in so far as he acted in obedience to it. *Gunz* v. *Heffner,* 33 Minn. 215, (22 N. W. Rep. 386.) And, to make a case against the defendant Sump, it should appear by proper averment, not merely that the affidavit for the attachment was false, but that he caused the writ to issue maliciously and without probable cause. 2 Greenl. Ev. § 454; *Given* v. *Webb,* 7 Rob. (N. Y.) 65; *Cochrane* v. *Quackenbush,*

29 Minn. 376, (13 N. W. Rep. 154;) Bliss. Code Pl. (2d Ed.) § 287. Malice, in such cases, is an issuable fact to be pleaded. In this case, however, the plaintiff alleges that the affidavit for the attachment was wholly false in every particular, and that the defendant Sump knew it to be so when he made it. It also appears that the attachment was duly dissolved five days after, and the property discharged from the levy; so that the complaint is sufficient to show want of probable cause and malice, by implication at least. It would be good after verdict, and we think, also, as against a general objection such as was made in this case; for, had the attention of the court been specifically called to the form of the allegation, the defect might have been cured by amendment. The first exception is not sustained.

2. The defendants' answer sets up the pendency of a former suit between the same parties for the same cause. Upon the trial, in support of this answer, the defendants offered the complaint and record in another action in the same court, by the same plaintiff, against these defendants and the sureties in the attachment bond. But the complaint shows that the ground and subject-matter are the same, though the allegations are somewhat varied. The evidence should have been received; there is no doubt that the substantial facts relied on for a recovery in each case are the same. *Drea* v. *Cariveau*, 28 Minn. 280, (9 N. W. Rep. 802.) It is not material that there were additional parties defendant in that suit, since a judgment in that action against these defendants would be predicated upon the same facts here relied on for a recovery; that is, there is the same ground of liability against them in each action. *Bigelow* v. *Winsor*, 1 Gray, 299. Clearly the plaintiff would not be entitled to judgment in both actions; and, if a judgment in the former suit would be a bar, the pendency of that action may be pleaded in abatement of this, though the form of the action be different. *Marsh* v. *Masterson*, 101 N. Y. 401, 407, (5 N. E. Rep. 59;) *Sanderson* v. *Peabody*, 58 N. H. 116. The exclusion of the evidence was error.

3. The record shows that a portion of the goods levied on were subsequently released to the Standard Furniture Company, by the consent and direction of the defendant Sump. The claim and title of

the Standard Company thereto are put in issue by the reply.    In order to escape liability for those goods, it was incumbent on the defendants to show that the Standard Company owned them.    Since this issue was presented by the pleadings, and submitted upon the evidence, a several verdict thereon was proper as to Sump.    If the goods were wrongfully withheld from plaintiff after the discharge of the attachment, through the collusion of the defendants, in order to subject them to garnishment by defendant Sump, and ultimately to an execution in the same case, the defendants would not be entitled to show, in mitigation of damages, that the goods were afterwards levied on and sold upon execution issued in the attachment suit, because no one is permitted to found a claim or defence upon his own wrongful acts.    But if the goods were subject to levy, and were in good faith, and without fraud or collusion, levied on and sold under the execution issued in that suit, that fact may be shown in reduction of damages.    *Howard* v. *Manderfield*, 31 Minn. 337, (17 N. W. Rep. 946;) *Jellett* v. *St. Paul, M. & M. Ry. Co.*, 30 Minn. 265, (15 N. W. Rep. 237.)

Judgment reversed, and new trial ordered.