NAVE *et al.* v. ADAMS *et al.*, *Appellants.*

DIVISION ONE.

1. **Judgment:** RES JUDICATA. A judgment is conclusive of the issues involved as between the parties thereto, though in the action in which it is pleaded only some of the parties are litigants.

Nave v. Adams.

2.  ———— : ———— : DEED OF TRUST.  In a prior suit wherein a decree
was rendered, a party by answer had introduced an issue as to the
validity of a deed of trust as a lien on certain land.  The decree
ascertained and adjudged the several specific interests of the par-
ties in such a manner as to exclude the lien of the deed of trust.
*Held*, that, between parties to the decree, the lien was extinguished.

3.  ———— : ————.  A judgment is conclusive of issues raised and
determined between parties on the same side of a cause.

4.  ———— : ———— : SEPARATE ESTATE.  As to her separate estate, a
judgment against a married woman is as effective as an adjudica-
tion, as if she were sole.

5.  Practice : SUPPLEMENTAL PLEADING.  A party may, by a supple-
mental pleading, introduce facts that have transpired since suit
brought, to strengthen his cause of action or defense.

6.  Appellate Practice: HARMLESS ERROR.  An error without
prejudice will be disregarded on appeal.

7.  ———— : ————.  Where the beneficiary in a deed of trust securing
a debt is properly placed under injunction against enforcing the
trust, the fact that the trustee ( having a power to sell at the
instance of the beneficiary only ), is included in the restraining
order, if error, is a harmless one.

*Appeal from Buchanan Circuit Court.*—HON. O. M.
SPENCER, Judge.

AFFIRMED.

THIS suit was begun in 1877, by Milton J. Bundy, to
enjoin the enforcement of a deed of trust, executed by
him, to certain land in Andrew county, Missouri, pur-
porting to secure the sum of $5,000, and interest.  The
defendants are Mary A. Adams, the owner of the claim
so secured, her husband, and the trustee in the deed of
trust.  The case originated in Andrew county, but a
change of venue was taken to Buchanan, where it was
finally tried.

The plaintiffs now are the heirs-at-law of the orig-
inal plaintiff, Milton J. Bundy, who died during the
proceedings.

The case depends, in great part, on a consideration
of the same facts recited in *West v. Bundy*, 78 Mo. 407,
to which it is a sequel.

After the appellate decision mentioned, a judgment was rendered in the circuit court in that cause, as contemplated in the order of the supreme court. The effect of that judgment forms the chief ground of controversy now.

The present suit was begun a few days before *West v. Bundy*, but was continued from time to time until the determination of the latter. Then the pleadings were amended, and the judgment in *West v. Bundy* was introduced as a controlling fact to sustain the application for a perpetual injunction against the deed of trust first mentioned.

The origin of this deed of trust is fully stated in the opinion in 78 Mo. 407, and need not be repeated.

The judgment in *West v. Bundy* contains a lengthy finding of facts, repeating the main features of the history of the controversy (as given in the supreme court opinion) and then ascertains and adjudges to each of the numerous parties to that case the precise estate and interest in the land found to belong to said party. It then proceeds as follows: "The court doth further adjudge and decree that the said former decree of this court vesting the title to all of said lands aforesaid in said Milton J. Bundy, so far as the said interest in said lands inherited as aforesaid from said Marion Bundy, be and the same is hereby set aside and held for naught; and it is adjudged and decreed by the court that the legal and equitable right, title in and to said lands aforesaid, inherited by plaintiffs as aforesaid, vest and is hereby adjudged in the said plaintiffs herein according to their respective rights and interests as herein set forth and declared; and it is further adjudged and decreed by the court from the pleadings and the evidence that the said Mary A. Adams, widow of said James A. Bundy, deceased, is not entitled to dower interest in said lands or in any part thereof. It is further adjudged and decreed by the court that said Milton J. Bundy is the owner and entitled to the one undivided

half of the whole of said lands under and by virtue of the said gift aforesaid, and that the said Milton J. Bundy is further entitled to the one-fourth part of the other one undivided half of said lands inherited from his brother, said Marion Bundy, and his said sister, Angeline Gordon; that the said Mary A. Adams is entitled to the one-fourth part of the undivided half of said lands aforesaid, being that part inherited by her husband, said James A. Bundy, from his son, said Marion Bundy, and his daughter, Angeline Gordon, and devised to her by his last will and testament; that the said Albert West, grandchild as aforesaid, is entitled to the one-fourth part of the undivided half of said lands aforesaid, inherited from the said Marion Bundy and Angeline Gordon; that said Emma J. Patterson, William Reynolds and Minnie Reynolds, grandchildren as aforesaid, are entitled to the one-fourth of the undivided one-half of the said lands aforesaid jointly inherited from the said Marion Bundy and Angeline Gordon. It is further adjudged that plaintiffs have and recover from defendants herein their costs laid out and expended," etc.

The trial court in the case at bar held that the foregoing judgment was conclusive of the rights of the parties in this suit, and accordingly found for plaintiffs and entered judgment to that effect. The defendants have appealed in due form.

The other material facts appear in the opinion of the court.

B. R. Vineyard and J. R. McKenzie for appellants.

(1.) The anticipatory plea of res adjudicata set up in plaintiff's petition was not sustained by the pleadings and by the decree referred to in the amended petition. The rule of law is well settled that a former suit is a bar to the present suit when the parties are the

same, the subject-matter is the same, and the judgment covers the ground of relief sought a second time. *Cooper v. Corbin,* 105 Ill. 224; *Cromwell v. Sac Co.,* 94 U. S. 351; *Harvey v. Ward,* 49 Cal. 124; *Stout v. Lye,* 103 U. S. 67; *Straus v. Ayres,* 87 Mo. 348; *McGill v. Wallace,* 22 Mo. App. 675; *Bank v. School District,* 25 Fed. Rep. 629. Even when the former judgment is final upon a fact which may be important and proper evidence in the second suit, but not conclusive evidence, and when in second suit other and unadjudicated evidence is proper, the former suit is no bar to the latter. *Bank v. School District,* 25 Fed. Rep. 629; *Schnell v. Blohm,* 40 Hun, 378; *Umlauf v. Umlauf,* 117 Ill. 580. The settlement of a disputed claim is a good consideration for an agreement or a note. Addison on Contracts, sec. 1279; *Stapleton v. Stapleton,* 1 Atkyns, 12; *Parker v. Enslow,* 102 Ill. 272; *Pool v. Docker,* 92 Ill. 501; Bishop on Contracts, sec. 495; *Adams v. Adams,* 70 Iowa, 253; *Swem v. Green,* 9 Col. 358.

*Wm. Heren* and *Frank Knickerbocker* for respondents.

The questions in this case are matters of fact, and not of law, upon our theory of this case, and the grounds upon which we think it rests involves the law of *res adjudicata,* which is so well understood by this court that we deem it unnecessary to cite authority. From the facts as we understand them, there are no peculiarities on that branch of the law. In fact the authorities referred to by appellants we regard as good authority on our side of case. Upon the points agreed by us we will cite some authorities: "A judgment not appealed from is conclusive in a second suit involving the same matters, and it is immaterial what is the form of action or proceeding." 59 Mo. 355; 84 Mo. 140; *Armstrong v. St. Louis,* 69 Mo. 310, where record shows

what questions were necessarily involved in a suit, etc. "A judgment by default may be regarded as a solemn admission or judicial declaration." *Ins. Co. v. Cravens*, 69 Mo. 72; *Strong v. Ins. Co.*, 62 Mo. 289.

BARCLAY, J.—The facts of this controversy are numerous, complicated and spread over a considerable period of time; but a close scrutiny of them shows that the exact points of present difference lie within a quite narrow field.

In the opinion of this court in *West v. Bundy*, 78 Mo. 407, the history of the litigation prior thereto is fully given. When that cause again reached the trial court a final decree was entered, which purported to determine accurately the precise interest of each party to that suit. Mr. and Mrs. Adams, defendants in the present case (who were also defendants in that), had in their answer in *West v. Bundy* set up the deed of trust, now in controversy, as a then subsisting lien upon the realty, recited the particulars of its execution (as part of a settlement or compromise of differences between 'James A. Bundy and Milton J. Bundy), and, after alleging its transfer to Mrs. Adams, asserted that Milton J. Bundy was possessed of no other property in Missouri, out of which the secured debt could be made, except the land which formed the subject of the suit.

These facts were put in issue by the reply in that case, and the judgment, predicated upon these pleadings, followed.

In the statement accompanying this opinion are copied the passages from that final judgment, dealing directly with the earlier compromise decree, which formed (in part) the consideration for the deed of trust here sought to be annulled.

At the hearing of the suit now before us, the plaintiffs relied upon the effect of that judgment as an adjudication upon the validity of the deed of trust. The trial court held that its effect was to render that supposed security invalid and inoperative, and hence

perpetually enjoined its enforcement. In so ruling we think the learned circuit judge was right.

It is not necessary to the effectiveness of a former judgment, as a conclusive adjudication of a given controversy, that the parties to both are identically the same. Others than those now before the court were parties to the suit of *West v. Bundy*, but Milton J. Bundy and Mr. and Mrs. Adams were among the parties in that case. The last-named two, as defendants, by answer therein, brought into that suit the consideration of this very deed of trust and endeavored to establish it as a lien in favor of Mrs. Adams; but, despite that effort, the court adjudged that Milton J. Bundy was entitled to such an interest in the land as obviously excluded the further existence or vitality of the alleged incumbrance, sought to be asserted by the Adamses. Moreover, the ascertainment, in that decree, of the particularly defined interest and estate of Mrs. Adams, in face of the claim, in her answer, for a larger interest (which the recognition of the deed of trust as a valid charge would have secured), emphasized the effect of the finding as to Milton J. Bundy, with regard to that incumbrance. The finding and decree as to the specific interests and estates of the several parties, in and to the realty which formed the subject-matter of all this litigation, in view of the issues made by the pleadings in that suit, necessarily cut out, and in effect eliminated the lien or charge originally created by the deed of trust of Milton J. Bundy, as between the parties to that decree, and those standing in privity with them. *Moore v. Moore* (1890), 14 S. W. Rep. (Ky.) 339; *Bobb v. Graham* (1886), 89 Mo. 200.

This conclusion is not affected by the consideration that Mrs. Adams and Milton J. Bundy were both defendants in *West v. Bundy*. Their interests were essentially adverse to each other, and the adjudication respecting them, upon the pleadings clearly raising such an issue, is as conclusive as though they had

Nave v. Adams.

occupied the more formal positions of plaintiff and defendant as to that issue. *Leavitt v. Wolcott* (1884), 95 N. Y. 212; *Goldschmidt v. Nobles Co.* (1887), 37 Minn. 49 ; *Devin v. Ottumwa* (1880), 53 Iowa, 461.

The estate of Mrs. Adams in the land in question (whatever its extent) was separate and sole in character. No question, therefore, arises by reason of the marital relation, touching the proper application of the principles above mentioned. As to her separate property, a valid judgment against a married woman is as effective as an adjudication, as though she were sole.

II.  Nor does the circumstance that the last decree in *West v. Bundy* was reached after the bringing of this suit, and was introduced, as a fact herein, by amendment of the original petition, impair, in any wise, the force of that decree as an adjudication of the matters involved therein.

It is permissible, in such a proceeding as this, to bring forward (upon proper leave and terms ), by supplemental or amended petition, facts that have transpired since the institution of the suit, which may tend to strengthen or reinforce the cause of action or defense stated in the pleadings before the court. R. S. 1889, sec. 2104 ; *Childs v. Kansas City, etc., Co.*, decided at this term.

III.  The trustee in the deed of trust was, not a party to *West v. Bundy;* but, as his power to sell could only be lawfully set in motion by the present beneficiary, Mrs. Adams, who is now powerless to move in that direction by force of the decrees in that cause and this, it is immaterial whether or not he was properly embraced within the prohibition of the injunction here. If there was any error in so including him ( as to which we make no ruling ), it was without prejudice to the substantial rights of anyone, in view of the position he occupies in the case, and of the stipulation of the parties, in the trial court, that no costs should, in any event, be adjudged or taxed herein against him.

On the whole record, we conclude that the judgment of the circuit court should be affirmed, and it is so ordered, all the judges of this division concurring.