JAMES S. O'BRIEN v. L. L. MANWARING.

February 5, 1900.

Nos. 11,877—(200).

## Res Judicata—Issue Decided in Former Action.

Where, in a civil action, a material fact, which is decisive of the cause, is tendered as an issue, and not withdrawn, a determination adversely to the party tendering such issue is conclusive against him in a subsequent proceeding involving the same fact, whether he introduced evidence to support such issue or not, and even though other questions were litigated in the former suit.

Action in the district court for Washington county against defendant as assignee of Patrick McLaughlin and Patrick Kilty, and McLaughlin & Kilty, to recover $12,500 paid to defendant. At the trial defendant objected to any testimony being received on the grounds: (1) That the issue should have been made in a former action; and (2) that the complaint did not state facts sufficient to constitute a cause of action. The court, Williston, J., sustained the objection, and directed the action to be dismissed. From an order denying a motion for a new trial, plaintiff appealed. Affirmed.

*J. N. Castle,* for appellant.

*McLaughlin & Boyesen,* for respondent.

LOVELY, J.

The plaintiff brings this action to recover a sum of money which he claims should be returned to him by the assignee of an insolvent estate, who has received the same, but, as is claimed, in equity and good conscience should be repaid.

Manwaring, the assignee of McLaughlin & Kilty, in a former action considered by this court (75 Minn. 542, 78 N. W. 1) recovered of this plaintiff the possession of a stock of boots and shoes transferred to him before assignment by the insolvents. The recovery, upon the issues in that case, may have been accorded by the jury under the instructions of the court, for the reason that the sale from McLaughlin & Kilty to O'Brien, the plaintiff, was fraudulent, or because of his want of care in ascertaining the previous condition of

the insolvents; and he now brings this suit upon the theory that he bought the stock of merchandise in good faith, and that the defendant assignee, having received the goods, should not have them, and the money paid for them also, which it is alleged had been turned over by the insolvents to the assignee. This last allegation is contested by the assignee, but was not in this action determined by the court below, who held that upon the issues in the former action, fully pleaded in this, the supposed grievance of plaintiff had been fully determined, and became res judicata upon the very claim which plaintiff seeks to establish in this suit.

It may be conceded for the purposes of this review that appellant's complaint sets forth a cause of action which would entitle him to recover from the assignee the money which he paid for the stock of goods in question. But it also appears from the answer in the former action, duly pleaded in this, that the good faith of this very payment was an issue duly tendered by this plaintiff, which was or might have been litigated in that action. Paragraph 11 of the answer in the former suit makes reference to this issue in the following words:

"That the transaction between this defendant [plaintiff here] and said McLaughlin & Kilty was a cash one, and the purchase price was paid at the time of said purchase in the usual way by the check, * * * which said check was fully paid, * * * which fact the plaintiff [respondent here] * * * well knew, * * * [and] that said sum, to wit, $12,500, was duly turned over and delivered to plaintiff herein."

That this was a part of the answer in the first suit, and that issue was joined upon it, followed by judgment, was admitted before the trial court and conceded upon this appeal. In our view, these concessions conclude the appellant, and forbid further litigation of the rights of the parties concerning the subject. Whether the appellant introduced any evidence to support this allegation on the former trial, which he denies, is immaterial. He might have done so, and is concluded by the result as effectively as if he had. Thompson v. Myrick, 24 Minn. 4; Long v. Webb, Id. 380; Geiser T. M. Co. v. Farmer, 27 Minn. 428, 8 N. W. 141; Drea v. Cariveau, 28 Minn. 280, 9 N. W. 802; Goldschmidt v. County of

Nobles, 37 Minn. 49, 33 N. W. 544; Pierro v. St. Paul & N. P. Ry. Co., 39 Minn. 451, 40 N. W. 520; Ebert v. Long, 43 Minn. 235, 45 N. W. 226. The issue thus tendered in the former action involving the payment of this money in good faith by appellant, and received by assignee, is not only the identical cause of action set up for recovery in the complaint in this suit, but it was a material issue therein, and of itself decisive of the case, for the assignee could not keep the money, as alleged in the answer in the former case, without affirming the sale. In other words, if what was alleged was established in the first case, it was a complete defense independent of any other question therein. Hathaway v. Brown, 22 Minn. 214. Such issue was not withdrawn. Hence in the former decision it must have been determined adversely to the appellant here, and all controversy upon it is closed by the former decision.

The order of the district court dismissing the cause is affirmed.