Jones v. Silver.

---

## WILLIAM W. JONES, Respondent, v. D. G. SILVER, Appellant.

St. Louis Court of Appeals, December 9, 1902.

1. **Res Adjudicata: PARTIES.** What is meant by identity of parties to the former suit to be effective as a bar in a later suit, is not that all of the plaintiffs or all of the defendants to the former suit must be parties plaintiff or defendant in the later suit, but that some or all of the identical parties plaintiff and some or all of the identical parties defendant are made parties plaintiff and defendant in the later suit.

2. ——: ——: JUSTICE'S COURT: CIRCUIT COURT: PRACTICE, TRIAL. Where the same questions were directly involved in a suit before a justice of the peace (and no appeal was taken from the judgment of the justice of the peace) and a suit in the circuit court, defendant is precluded from proving the defense he set up in his answer in the circuit court, by the judgment of the justice.

3. **Fraud: LAW: EQUITY: PRACTICE, TRIAL.** Fraud is cognizable at law as well as in equity, and when a defendant without objection, submits his case to a jury who tried it on the law side of the court, he can not be heard to complain that he tried it on a wrong theory.

4. **Practice, Trial: LAW: EQUITY: JUSTICES' COURTS: JURISDICTION.** And it is not competent by a mere motion before a justice of the peace to change the nature of an action from a legal to an equitable one so as to oust the jurisdiction of the justice.

Appeal from St. Louis City Circuit Court.—*Hon. John A. Talty,* Judge.

AFFIRMED.

*J. F. & R. H. Merryman* for appellant.

(1)   The court erred in holding, on the authority of Edgell v. Sigerson, 26 Mo. 583, and Hickerson v. City of Mexico, 58 Mo. 61, that the proceedings in the justice court, in which defendant F. M. Call, the guarantor, was a party defendant and made the defense and paid the judgment, was *res adjudicata* as to defendant Silver. The court erred because: (a)   No identity of parties. (b)   The defense of the defendant Silver in this court was an equitable one—strictly an equitable proceeding. He could not have interposed it before the justice for the reason that the justice had not jurisdiction. (c)   Under the proof there was an additional defense in this court to the defense alleged to have been interposed in the justice court. (2)   The defense of defendant Silver is an equitable one. He prays for the cancellation of the contract, and in his answer in the two suits in the circuit court he interposes a counterclaim praying for the return of the money paid under the contract. In the proceeding at bar, while he dismissed his counterclaim he still prayed for a cancellation of the contract on the ground of fraud and tenders the stock received from plaintiff. (3)   In section 3837, Revised Statutes 1899, it is provided that "No justice of the peace shall have jurisdiction to hear or try any action against any executor or administrator, nor of any action of slander, libel, malicious prosecution or false imprisonment, nor of any action where the title to any lands or tenements shall come in question and be in issue, nor of any strictly equitable proceedings. (4) In 70 Mo. App. 74, it was said: "It is needless to say that it is well established in this State, both by statute and the adjudicated cases, that a justice of the peace has no authority to exercise equitable jurisdiction. R. S. 1899, sec. 6124; Phillips v. Burrows, 64 Mo. App. 351;

Iron Co. v. McDonald, 61 Mo. App. 559; Enlow v. New-land, 22 Mo. App. 581; Willis v. Stephens, 24 Mo. App. 494; Hicks v. Martin, 25 Mo. App. 359.

*Bishop & Cobbs* for respondent.

(1)   In the case of Edgell v. Sigerson, 26 Mo. 584, the first suit was brought by Edgell and Peasley, while the second suit was brought by Edgell alone. The Supreme Court says: "The integrity of the note was necessarily and directly in issue in the suit brought to recover the annual installment of interest, and the judgment in that case having been rendered by a court of competent jurisdiction, determined the question as to the alteration of the note, and was conclusive between the same parties in another suit directly involving the same question."   (2)   In the case of State ex rel. v. Branch, 134 Mo. 604, the Supreme Court in following the case of Edgell v. Sigerson, supra, says:   "In a suit for an installment of interest on a promissory note the defendant pleaded an alteration of the note which avoided it.   This issue was found against him.   In a subsequent suit on the note itself the question as to the alteration was held to be *res adjudicata*."

BLAND, P. J.—Omitting caption the petition is as follows:

"Plaintiff, for his cause of action, states that on the twentieth day of June, A. D., 1900, the defendants executed under their hands and seals, as did also the plaintiff, an agreement of that date, which said agreement was in words and figures as follows, to-wit:

" 'This agreement made this day between William W. Jones, party of the first part, and D. G. Silver, party of the second part, with F. M. Call, guaranteeing the said agreement for said Silver, witnesseth:

" 'That said William W. Jones has this day sold and transferred to said D. G. Silver the one hundred and six shares of stock which he has held in the Marshall Lumber Company, a corporation, for the price and

sum of three thousand three hundred and sixty dollars to be paid in staves and headings manufactured by the said Marshall Lumber Company, and to be delivered in twelve months, that is to say, to be delivered monthly in equal installments of the same, the keg material at the price as per contract now existing between the Marshall Lumber Company and J. Warren Jones, and the barrel material at the market price in St. Louis at the time of the delivery of the same.

" 'And the said D. G. Silver hereby agrees that he will pay said William W. Jones for said shares of stock in said corporation the above mentioned sum, in the staves and headings of said factory, as specified above, to be delivered in twelve equal monthly installments, as contracted for above.

" 'And the said F. M. Call hereby agrees, as part of the consideration of the sale of said shares to said Silver, that he will and hereby does guarantee the payment of said sum by said Silver, in the manner mentioned above in the time specified above.

" 'In witness whereof, we have hereunto set our hands and seals and to a duplicate hereof, this twentieth day of June, 1900.

" 'WM. W. JONES,    (SEAL).<br>
" 'D. G. SILVER,    (SEAL).<br>
" 'F. M. CALL,    (SEAL).'

"That the plaintiff transferred and delivered to the said D. G. Silver the said one hundred and six shares of stock in said contract described, and that he has duly performed all the conditions of said contract by him to be performed; that the defendant D. G. Silver has made deliveries and payments on account of said contract as follows, to-wit: August 24, 1900, one carload of said material described in said contract of the value of $256.95; August 27, 1900, one carload of said material of the value of $333.11; and November 3, 1900, one carload of said material, of the value of $240.49; making a total of $830.55 on account of the first three monthly installments provided by the said contract; that defendant D. G. Silver has failed and refused to make

any other or further deliveries or payments under said contract and still fails and refuses to make the same, of which said failure the defendant F. M. Call has had notice; that there is now due and unpaid on account of said contract three installments or payments, amounting in all to the sum of $849.45 with interest at the rate of six per cent per annum on each installment thereof from the date on which it became due and payable.

"Wherefore plaintiff says that by reason of the breach of said contract as aforesaid and the failure of the defendants to make said three payments as above stated, he has been damaged in the sum of $849.45 to-gether with interest, for which sum plaintiff prays judgment against defendants and for costs."

Defendant Call demurred to the petition on the ground that there was a defect of parties defendant. The demurrer was sustained and the suit was proceeded with against D. G. Silver alone.

Defendant filed the following answer (omitting caption):

"Now comes the defendant, D. G. Silver, and for amended answer to plaintiff's petition admits that he signed the agreement on the twentieth day of June, 1900, as set out in plaintiff's petition, and that plaintiff transferred and delivered to him the 106 shares of stock of the Marshall Lumber Company as stated in said petition, and that he made the payments set out in said petition but defendant denies each and every other allegation therein contained.

"Defendant for a further answer and defense to plaintiff's petition states that in the summer of 1899 plaintiff was the owner of certain machinery and a plant and was engaged in manufacturing staves at Equality, Illinois, and that he was the promotor of a certain enterprise which in the early part of 1900 was organized as a corporation known as the Marshall Lumber Company; the capital stock of which said company was $20,000 divided into 200 shares of $100 each. That the plaintiff induced F. M. Call and George W. Marshall and two or three other parties who became small stockholders to

join him in this enterprise. That Marshall and Call paid up their shares of stock in full, but plaintiff subscribed for 100 shares of stock and organized the company, purporting to have paid one-half of said 100 shares of stock. Defendant states that of the 106 shares of stock assigned by plaintiff to him on the twentieth day of June, A. D. 1900, as stated in plaintiff's petition, 100 shares of which was the stock which plaintiff purported to have half paid up at the time of the organization of said corporation; but defendant avers that said stock was never half paid by said plaintiff; that it represented old and worthless machinery brought by the plaintiff from his old plant at Equality, Illinois, and that said machinery, instead of representing a value of $5,000 as required by the laws of the State of Missouri, was not of the value of $1,000, and that said machinery at the time of the failure of said corporation on the fourteenth day of November, 1900, was only appraised for less than $1,000, and defendant further avers that plaintiff induced defendant without any consideration whatever and in entire ignorance that said 100 shares of stock were not half paid up, as plaintiff represented them to be, to purchase 100 shares of stock of the Marshall Lumber Company as stated aforesaid, to be paid for by him as stated in the agreement; and defendant avers that no consideration passed from plaintiff to defendant, and that said agreement stated in plaintiff's petition is fraudulent and void; defendant further avers that plaintiff, as a further inducement and for the purpose of getting defendant to purchase 106 shares of stock, represented to defendant that the machinery which the plaintiff had put into said plant was of the value of $7,500 and for which he only received stock of the value of $5,000 and that the indebtedness of the Marshall Lumber Company amounted to only $5,000, and that the plant was making money from $100 to $125 per day, all of which statements plaintiff knew to be false; and defendant, relying on these statements, purchased said stock and signed the agreement set out in plaintiff's petition; and that he would not have pur-

chased the stock and signed said agreement if plaintiff had not led him to believe said representations were true; defendant avers that the indebtedness of the Marshall Lumber Company on the day he purchased said stock and signed said agreement amounted to nearly $9,000; and that within twenty-four hours after the signing of the agreement the various creditors levied attachments on the assets of said corporation, which defendant was compelled to have released in order to operate said plant; that said machinery was old and worn out, and was not of the value of $1,000 and required daily patching and repairing, and that said Marshall Lumber Company never made in all its existence in any one day the sum of $100; that it had lost money and accumulated debts from the date of its incorporation; and that defendant charges that there never was a day during its entire existence when its debts did not exceed its paid-up capital stock and its assets.

"Defendant charges that the representations made by the plaintiff as aforesaid were false and fraudulent, and that said statements were known to be false by plaintiff, and he therefore prays the court that said contract be adjudged to be void and of no effect, and that the same be ordered to be delivered up to him to be cancelled, and for such other and further relief as to the court may seem meet and proper."

To the answer the plaintiff filed the following reply:

"Comes now the plaintiff in the above entitled cause and for his amended reply to defendant's amended answer denies each and every allegation of new matter therein contained.

"For a further reply, plaintiff states that on, to-wit, the eleventh day of February, 1901, this plaintiff filed suit against this defendant and one F. M. Call, who also signed the agreement set out in the petition, before the Hon. R. B. Houghton, a justice of the peace in and for the fourth district of the city of St. Louis, to recover from them the sum of $280 as the amount then due on account of the seventh installment to be made and de-

livered under the contract set out in the petition herein; that by a change of venue the said defendants took the said case before the Hon. William Jefferson Pollard, another justice of the peace in and for the said fourth district of the city of St. Louis; that the said justice had full and complete jurisdiction of all of the parties, and of the subject-matter in said case; that on, to-wit, the eighth day of April, 1901, the said case was tried before the said last-named justice of the peace and a jury called for that purpose by the said defendants and the defendants in said trial introduced evidence tending to prove and did try to prove each of the following defenses to said cause of action, to-wit:

"First. That neither of said defendants was indebted to the plaintiff on account of the seventh installment to be made and delivered under said contract or on account of any other installments therein mentioned.

"Second. That all of said contract was null and void and of no effect.

"Third. That the consideration for the said contract had both partially and wholly failed.

"Fourth. That the stock transferred by the plaintiff to the defendant Silver under said contract was worthless and was known by the plaintiff to be worthless at the time of the signing of the said contract.

"Fifth. That the defendants were induced by the plaintiff to sign said contract by the following representations, which the said defendants alleged and endeavored to prove were false and made fraudulent for the purpose of inducing the said defendants to sign said contract, to-wit, that of the 106 shares of stock transferred by the plaintiff to the defendant Silver 100 shares had been originally subscribed for by the plaintiff and had been one-half paid up by him; that in payment of said shares of stock the plaintiff had transferred to the Marshall Lumber Company, machinery of the value of $7,500 for which the plaintiff had received stock of the value of only $5,000; that the indebtedness of the Marshall Lumber Company amounted to only $5,000, and that the plant of the Marshall Lumber Company

was making money at the rate of $100 to $125 per day, all of which said allegations are now set up by defendant as defenses in this action. This plaintiff further says that although defendant urged each of the above-named defenses and each and every defense set out in said answer in said trial before said justice of the peace and said jury, and produced evidence tending to prove each of said defenses and each defense set out in said answer, yet after a full and complete hearing of all the evidence adduced by plaintiff and defendant on the merits of said cause of action and the said defenses, the said jury returned a verdict in favor of this plaintiff for the full amount of his claim for the said seventh installment under said contract, to-wit, the sum of $280; that a judgment was duly entered by said justice of the peace upon said verdict; that on, to-wit, the twenty-second day of April 1901, the defendants paid and satisfied said judgment in full, and this plaintiff now alleges that said judgment is an adjudication of the validity of said contract and the liability of the defendant to perform the same in accordance with the terms thereof, and that said judgment is a bar to the said defenses now set up in defendant's answer herein, and plaintiff so pleads said judgment as a bar to said defenses so set out in said answer.''

Defendant moved for judgment on the pleadings on the ground that the law presumed all remedies had been exhausted against the principals from the fact that a judgment had been obtained against the guarantor and that the judgment rendered by the justice against Call, guarantor, was *res adjudicata* as to other proceedings against Silver, the principal. The motion was overruled and the parties proceeded to trial. At the close of the evidence the jury, on a peremptory instruction given by the court, rendered a verdict for plaintiff for the amount sued for with legal interest. After unavailing motions for new trial and in arrest of judgment defendant appealed.

The evidence is that plaintiff sued defendant and Call before a justice of the peace for the installment due

under the contract for the month of February, 1901, and that the defendants appeared in person and by their attorneys and made the same defense as the one set forth in the answer. Defendant offered to show that he had some depositions before the justice, tending to prove his defense set up in that court, that were excluded by the justice and offered to read the same depositions on the trial. This offer was denied by the court and this ruling is assigned as error. The court refused to hear any evidence offered by the defendant tending to prove any of the allegations of his answer for the reason the judgment, before the justice of the peace, rendered in a cause between the same parties upon the same contract as the one sued on and where the same defense was made as that set up in the answer, is *res adjudicata*.

The only question presented for decision is whether or not the judgment rendered by the justice precluded the defendant from making the same defense in the circuit court that he made in the justice's court, it being conceded that the issues, except as to the installments and the amount due, are the same. Defendant contends that as Call was not a party to the suit in the circuit court, but was a party in the justice's court, that there is not an identity of parties defendant and for this reason defendant was not barred from making his defense in the circuit court. No appeal was taken from the judgment of the justice and it has been paid by Call. What is meant by identity of parties to the former suit, to be effective as a bar in a later suit, is not that all of the plaintiffs or all of the defendants to the former suit must be parties plaintiff or defendant in the later suit, but that some or all of the identical parties plaintiff and some or all of the identical parties defendant are made parties plaintiff and defendant in the later suit. Nave v. Adams, 107 Mo. 414; The Mo. Pac. Ry. Co. v. Levy, 17 Mo. App. (K. C.) 501; Wager v. Insurance Co., 150 U. S. 99.

The evidence is all one way that defendant made the same defense in the justice's court that he set up in

his answer in the circuit court. His purpose in the justice's court was the same as in the circuit court, to-wit, to prove that he had been induced to sign the contract by false and fraudulent representations made to him by plaintiff. The same questions were directly involved in both suits and there is no question that defendant was precluded from proving the defense he set up in his answer in the circuit court by the judgment of the justice. Edgell v. Sigerson, 26 Mo. 583; Young v. Byrd, 124 Mo. l. c. 593; Donnell v. Wright, 147 Mo. 639; Wiggin v. St. Louis, 135 Mo. 558; Garland v. Smith, 164 Mo. 1; Short v. Taylor, 137 Mo. 517.

Defendant's motion for judgment on the pleadings was rightfully overruled for the reason the debt or installment sued for in the circuit court was not the same debt or installment for which judgment was rendered in the justice's court.

An attempt, by motion, was made by defendant to have the justice transfer the case to recover the February, 1901, installment to the circuit court, on the ground that the defense set up was an equitable defense; and it is contended here that the answer in this case converted the case to an equitable one. There was no written answer filed in the justice's court. The defense was verbally stated in that court. The answer filed in the circuit court concludes with a prayer for equitable relief and sets up a legal defense to the petition, to-wit, a plea that the contract is void because it was procured by false and fraudulent representations. Fraud is cognizable at law as well as in equity, and the defendant without objection submitted his case to a jury who tried it to the law side of the court. Having taken this course in the trial court he can not be heard to complain that he tried it on a wrong theory, nor was it competent by a mere motion before a justice of the peace to change the nature of the action from a legal to an equitable one so as to oust the jurisdiction of the justice.

The judgment is affirmed. *Barclay* and *Goode, JJ.,* concur.