13   103
130   423

</div>

## Brannenburg *v.* The Indianapolis, Pittsburgh, and Cleveland Railroad Company.

One substantive and complete cause of action arising out of the same tort, cannot be divided into several suits.

Thus, if *A.* have two horses killed by the cars of a railroad company, at the same time and place, and he sue and recover for the value of one of them, he cannot afterwards recover in an action for the value of the other.

APPEAL from the *Madison* Circuit Court.

<div align="right">

*Tuesday,*
*November* 29.

</div>

Hanna, J.—This was an action, commenced before a justice of the peace, for the value of a mare killed by the cars, &c., of the company, at a place where the road was not fenced. Answer filed. Trial; and judgment for the plaintiff for 100 dollars. Defendants appealed to the Cir-

Nov. Term,
1859.

BRANNEN-
BURG
v.
THE INDIAN-
APOLIS, &c.,
RAILRO'D Co.

cuit Court, where the plaintiff filed a demurrer to the first paragraph of the answer, which was overruled, and judgment for defendants.

The said paragraph is, in substance, that if the animal, &c., was injured, &c., it was at the same time and place at which another horse was injured, for which said plaintiff brought suit before said justice for 100 dollars, upon which issue was joined, and upon the trial judgment was recovered by said plaintiff against said defendants for 100 dollars, &c.

The question argued by counsel, is, whether the pleadings show but one trespass, and if so, whether a separate suit can be maintained for each animal killed.

We think the paragraph of the answer sufficiently avers, that at the same time and place, and by the same act, two horses of the plaintiff were killed by the cars of the defendants, and that the plaintiff had sued and recovered a judgment for the value of one of said animals.

We are of opinion that, under the circumstances disclosed in this case, the plaintiff could not bring a separate suit for each animal killed.

The suit was brought under the act of 1853, by the provisions of which it is not necessary to aver or prove negligence upon the part of the servants of the defendants, to entitle the plaintiff to recover—the road not being fenced.

It has been several times decided by this Court, that the jurisdiction of a justice, in like cases, does not exceed 100 dollars; and that the statute of 1853 had reference only to the mode of proceeding, and proof required, in cases before a justice. That in actions for property destroyed or injured, of a value greater than the jurisdiction of a justice, or rather where a sum beyond that jurisdiction was sought to be recovered, the common-law rule as to pleading and proof, still obtains.

If the answer is true, in the case at bar, the defendants, by the act complained of, destroyed property to a greater value than 100 dollars. If the plaintiff was permitted to bring two suits, he could, in those two suits, recover the full value of the property, without alleging or proving neg-

ligence. If, in seeking to recover the full value, he should be confined to one action, then the justice would have no jurisdiction to that amount, and he would be compelled to bring the suit in a tribunal governed by a different rule of pleading and practice.

It is not necessary for us to decide whether, in a case where the animals by one act destroyed are of a greater value than 100 dollars, the owner can abandon any attempt to recover except for a part, within the jurisdiction of a justice, or not. That point is not made, and cannot arise in this case. What we do decide, is, that one substantive and complete cause of action, arising out of the same tort, cannot be divided into several suits. If *A.* should shoot into a flock of sheep of *B.*, and kill half a dozen, we cannot think that half a dozen rights of action would thereby accrue to *B.;* he would be entitled to a recovery in one suit for the whole damage done, and if he failed to bring his action for the whole injury sustained, it would be his own fault. *White* v. *Mosely,* 8 Pick. 358.—*Smith* v. *Jones,* 15 Johns. 229.—*Farrington* v. *Payne, id.* 432.—Perk. Pr., p. 119.— *The Kalamazoo,* 9 Eng. Law and Eq. 558.

*Per Curiam.*—The judgment is affirmed with costs.

*M. S. Robinson,* for the appellant.

*J. Davis,* for the appellees.