No. 9199.

## RICHARDSON v. BREWER.

TRESPASS.—*Complaint.*—*Close.*—A complaint in trespass, alleging that "the defendant unlawfully broke and entered the *close* of the plaintiff, situate" in the county and State, "and took and carried away therefrom two hundred dozen sheaves of wheat, the personal property of the plaintiff, without license so to do, to the damage," etc., is sufficient.

SAME.—*Personal Property.*—*Nominal Damages.*—The unlawful removal of the personal property of another is an injury for which the law gives an action, and from which it implies nominal damages.

From the Grant Circuit Court.

*J. L. Custer*, for appellant.
*H. Brownlee*, for appellee.

MORRIS, C.—This is an action of trespass commenced by the appellee against the appellant before a justice of the peace. The complaint is as follows:

"Martha Brewer, plaintiff, complains of Hagan Richardson, defendant, and says, that on the 3d and 5th days of July, 1880, the defendant unlawfully broke and entered the close of the plaintiff, situate in the county of Grant and State of Indiana, and took and carried away therefrom two hundred dozen sheaves of wheat, the personal property of the plaintiff, without license so to do, to the damage of the plaintiff one hundred and fifty dollars."

A trial was had before the justice, which resulted in a judg-

ment in favor of the appellee. The appellant appealed to the circuit court. In the circuit court the appellant moved the court in writing to dismiss the action for the following reasons :

1. Because the complaint does not state facts sufficient to constitute a cause of action.

2. Because the complaint does not describe the close alleged to have been broken.

3. The complaint does not show whether the action is for trespass to personal or real property.   .

4. Because the complaint does not show facts sufficient to bar another action.

The motion was overruled. It is made a part of the record by bill of exceptions.

A trial was had in the circuit court, which also resulted in a judgment for the appellee. A motion for a new trial was overruled. The evidence is not in the record.

The errors assigned are the overruling of the motion to dismiss the action and the overruling of the motion for a new trial.

The only question discussed is the overruling of the motion to dismiss the action. The appellant insists that the motion to dismiss the action operated as a demurrer to the complaint, and that, as the complaint does not state facts sufficient to constitute a cause of action, the motion should have been sustained. The appellant also contends that it is impossible to determine whether the complaint alleges an injury to real estate or to personal property.

We think the complaint clearly charges an injury to personal property. It avers that the appellant, without leave, unlawfully took and carried away from the appellee's close two hundred dozen sheaves of wheat, the personal property of the appellee. The word "close" signifies an interest in the soil, and the charge that the appellant took the sheaves of wheat from the appellee's close is equivalent to saying that they were taken from her land in Grant County, Indiana. It was not

necessary to describe the close more particularly. The sheaves of wheat are averred to be the property of the appellee, and to have been taken and carried away, without leave, by the appellant. This was a sufficient description of the property, and of the appellee's right to the possession of it. *Gronour* v. *Daniels,* 7 Blackf. 108.

The injury complained of is the removal of the wheat. The unlawful removal of the personal property of another is an injury for which the law gives an action and from which it implies nominal damages at least.

" If a trespass is committed, that is, if a right is invaded or interfered with, although without any actual damage resulting, the person to whom the right belongs may maintain an action and recover nominal damages." 1 Sedgwick Damages, p. 88, note (b), 7th ed.

There was no error in overruling the motion to dismiss the action. This is the only question in the case. The judgment should be affirmed.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment below be affirmed, at the costs of the appellant.