Filed March 29, 1884.

———————————◆———————————

No. 11,167.

## Louisville, New Albany and Chicago Railway Company *v.* Shanks.

Negligence.—*Evidence.*—*Measure of Damages.*—In a suit for an injury as the result of mere negligence, the case can not be made unless it be proven that negligence of the plaintiff did not contribute to the injury, and punitive damages can not be given.

From the Monroe Circuit Court.

*G. W. Friedley*, for appellant.

*M. F. Dunn, G. G. Dunn, J. R. East* and *W. H. East*, for appellee.

Franklin, C.—Appellee, by her next friend, sued appellant for injuries received by a truck turning over upon her on the platform at the railroad depot in the city of Mitchell, Indiana.

The suit was commenced in Lawrence county, and the venue was changed to the Monroe Circuit Court, where there was a trial by jury, verdict for plaintiff, and, over a motion for a new trial, judgment was rendered upon the verdict.

The error complained of is in overruling the defendant's motion for a new trial; and the only reasons insisted upon

are, that the verdict is not sustained by sufficient evidence, and error in the instructions to the jury.

The complaint charges that in June, 1881, said defendant, by its agents, carelessly and negligently loaded the truck so top-heavy that when touched, it was liable to turn over, and placed and left said truck, so loaded, upon the depot platform within a public sidewalk; that the plaintiff, while passing on the platform, touched the truck, when it fell over upon her, and inflicted the injuries complained of.

Without deciding upon the sufficiency of the evidence, we proceed to examine the instructions.

It is insisted by appellant that the court erred in its instructions given to the jury, and in refusing to give instructions asked by the defendant.

The first instruction asked by the plaintiff, given by the court, and excepted to by the defendant, is as follows:

"In this class of cases, ordinarily, the plaintiff must be without fault, but this is not always the case; and in this case, if you should find from the evidence that the defendant improperly and negligently loaded said truck, and it was loaded in such a manner as to be dangerous by reason of said loading and in allowing their truck so loaded with boxes, chests and trunks to remain upon a street or sidewalk or platform where the public had a right to travel, were guilty of gross or wilful negligence in so allowing it to remain so loaded; and should you also find in this case, that the plaintiff was guilty of slight negligence only, and you further find that the plaintiff was injured as charged in the complaint, by reason of such gross or wilful negligence on the part of the defendant, such slight negligence on the part of the plaintiff would not defeat this action. And if you find these to be the facts, you should find for the plaintiff."

This instruction is erroneous. There is nothing in the complaint or evidence that justified an instruction upon wilfulness; it was not applicable to the case. Gross negligence

Louisville, New Albany and Chicago Railway Company *v.* Shanks.

is not classed with wilfulness. In this class of cases there are no degrees in negligence, and gross negligence is no more than mere negligence. And when wilfulness is not charged, the plaintiff, in order to recover, must make out a case of unmixed negligence, and that she was without fault. Contributory negligence on her part, however slight, defeats her right to recover.

The second instruction so given is also complained of in part, which part reads: "And that she was negligently injured by the defendant as charged in the complaint, and you further find said plaintiff was injured, if injured, without any fault of her parents or guardian, you should find for the plaintiff and assess her damages at such sum as will compensate her for the injury sustained, to which you may add punitive damages."

The last clause in this part of the instruction is well objected to. Wilfulness is not charged in the complaint, nor shown by the evidence. For mere negligence, compensatory damages only are allowable, and punitive damages can not be added. We need not examine the errors complained of in refusing to give instructions asked. For the errors in the instructions given, the judgment must be reversed.

PER CURIAM.—It is therefore ordered upon the foregoing opinion, that the judgment of the court below be and it is in all things reversed, at appellee's costs; and that the cause be remanded to the court below, with instructions to grant a new trial, and for further proceedings.

Filed Feb. 1, 1884. Petition for a rehearing overruled April 19, 1884.