HEATON, RECEIVER, v. ESTATE OF J. WOOD WILSON, DECEASED.

[No. 12,002.   Filed February 18, 1925.]

1.  ACTION.—*Splitting a cause of action not allowed.*—It is a well-established rule of law that a single cause of action cannot be split, in order that separate suits may be brought for various parts of what really constitutes but one demand. p. 488.

2.  EXECUTORS AND ADMINISTRATORS.—*Plea of another claim pending, involving the same matter as in subsequent claim filed*

*held sufficient to abate second claim.*—In a claim by a receiver of an insolvent corporation against the estate of a deceased stockholder, based on such stockholder's receipt of bonds of another company which were distributed by the insolvent company *pro rata* among its stockholders on an agreement by such stockholders that they would pay their *pro rata* share of any indebtedness which any creditor might establish against it, a plea in abatement alleging that the receiver hàd theretofore filed a claim against the estate alleging that the estate was indebted to him on account of the distribution among its stockholders of the same bonds and that the estate was also indebted to the receiver on account of unpaid stock subscription for the capital stock of said insolvent company, and further alleging that said last mentioned claim was still pending, sufficiently showed that the first claim involved the same matter as the second, and a demurrer to said plea was properly overruled. p. 488.

3. ABATEMENT AND REVIVAL.—*Test to determine whether second action should be abated on ground that another action is pending stated.*—A test resorted to by the courts to determine whether a second action should be abated as "another action pending" is that the relief sought in the second is the same as in the first, or that a judgment, if rendered on the merits in the first, could be pleaded in bar in the second. p. 489.

From Grant Circuit Court; *J. F. Charles,* Judge.

Claim against the estate of J. Wood Wilson by Owen N. Heaton, Receiver. From a judgment in favor of the executor, the receiver appeals. *Affirmed.*

*John A. Kersey* and *Eichhorn & Edris,* for appellant.
*Willard B. Gemmill* and *Shirley, Whitcomb & Dowden,* for appellee.

MCMAHAN, J.—On January 23, 1923, appellant filed a claim against the estate of J. Wood Wilson alleging said estate was indebted to him as receiver of the Bluffton and Marion Construction Company, hereinafter designated as "the construction company," in the sum of $2,000, on account of the distribution of the property of said construction company among its stockholders, November 2, 1909, pursuant to a written agreement exe-

cuted by the decedent and the construction company dated November 2, 1909, reciting that: The Marion, Bluffton and Eastern Traction Company, hereinafter referred to as "the traction company," had delivered to the construction company its first mortgage bonds in the sum of $728,000 and its capital stock in the sum of $850,000 for the purpose of complying with a contract theretofore made between the construction company and the traction company whereby the former agreed to construct and equip a certain line of railroad for the traction company; that said capital stock and $640,000 of said bonds had been distributed by the construction company among its stockholders in proportion to the capital stock held by each of them; that, by virtue of an agreement between said companies, $80,000 of the bonds had been held and retained by the traction company until all mechanic liens against the traction company's property were satisfied and released and it being the desire of the construction company that said $80,000 bonds be distributed among its stockholders, pending certain litigation, said construction company and certain named stockholders, including J. Wood Wilson, in consideration of such distribution, entered into an agreement reciting said facts and that in consideration of the distribution of said $80,000 bonds to the stockholders, the latter agreed, thereafter to pay the construction company their *pro rata* share of any indebtedness which any creditor might establish against the construction company. This agreement was copied in the claim so filed and made a part thereof.

To this claim, the executor of the will of J. Wood Wilson filed a plea in abatement alleging that in November, 1917, appellant filed his claim against said estate alleging that appellee estate was indebted to him as receiver on account of the distribution of the assets

of the construction company among its stockholders November 2, 1909, the assets so distributed being alleged to be $80,000 of the bonds of the said traction company, of which bonds, J. Wood Wilson had received and converted to his own use bonds of the value of $2,000, and that said estate was also indebted to appellant on account of unpaid stock subscription for the capital stock of said construction company and that, because of said items of indebtedness, it was necessary that appellant, as receiver, recover said amount of indebtedness to enable him to pay outstanding debts of said construction company, a copy of said claim so filed in 1917, being set out in full. It also alleged that said claim was transferred to the issue docket for trial, was thereafter submitted to the court for trial, the evidence heard, and the cause taken under advisement; that no judgment had been rendered, but that said claim was still pending and undisposed of; that appellant by the claim so filed in 1917 seeks to recover an alleged indebtedness claimed to be due the receiver on account of the distribution of said bonds to the stockholders of the construction company in November, 1909, and which is the same alleged indebtedness he seeks to recover by the claim filed in the instant case, and that the two claims are for the same indebtedness. The prayer is that this action abate.

To this plea in abatement, appellant filed a demurrer for want of facts. The reasons why the plea in abatement was not sufficient, as set out in the memorandum filed with and in support of the demurrer, are: (1) That under the claim in the former action, the facts alleged in the complaint in the instant case could not have been given in evidence; (2) that the former action, as shown by the plea, was in part for the recovery of money on account of the bonds distributed to the decedent by the construction company, while the

claim in the instant case is upon an express contract in writing to pay to the construction company the money to meet the liabilities of the construction company. The demurrer being overruled, a reply in denial was filed and the issues thus raised were submitted to the court for trial and resulted in a judgment for appellee that the action abate. Appellant's motion for a new trial being overruled, he appeals.

Appellant contends that the former claim which he filed was to enforce a stockholder's common-law liability as a stockholder and not on the specific contract set out in the present action. We cannot concur in the contention that the former claim was limited to a claim on account of the common-law liability of a stockholder. It is clear that appellant in the claim first filed sought a recovery on account of the distribution by the construction company of the same bonds mentioned in the claim last filed. It was the distribution of the bonds that gave rise to the first as well as the last claim. The fact that the written contract was not made a part of the claim or complaint in the former action does not render the plea in abatement subject to demurrer. It is a well-established rule of law that a single cause of action cannot be split, in order that separate suits may be brought for various parts of what really constitutes but one demand. See, *Roby* v. *Eggers* (1891), 130 Ind. 415, 422, 29 N. E. 365; *Roy* v. *Scales* (1921), 76 Ind. App. 373, 132 N. E. 268.

It seems to us that the second claim substantially involves an issue involved in the first, and that an allowance of the first claim would be *res judicata* of the second. This is based upon the supposition that the first action was effective, and afforded the claimant an ample remedy and that the second was unnecessary and vexatious.

In *Baker* v. *Eilers Music Co.* (1917), 175 Cal. 657, 166 Pac. 1008, the court, in speaking of a plea in abatement, said: "The test of the soundness of such a plea is that the identity of the causes of action must be such that a judgment in the first could be pleaded in bar as a former adjudication, or as an estoppel." One of the familiar tests resorted to by the courts to determine whether the second action falls within the rule and is to be abated as "another action pending" is that the relief sought in the second is the same as in the first, or that a judgment, if rendered on the merits in the first, could be pleaded in bar in the second. *Fairbanks* v. *Shady Brooks Milling Co.* (1916), 94 Wash. 28, 161 Pac. 840; *Beyersdorf* v. *Sump* (1888), 39 Minn. 495, 41 N. W. 101, 12 Am. St. 678.

We hold there was no error in overruling the demurrer to the plea in abatement, nor in overruling the motion for a new trial.

Judgment affirmed.