## Sinclair Refining Company *v.* McCullom et al.

[No. 16,168.    Filed January 22, 1940.]

*Gavit, Hall & Smith,* for appellant.

*Tinkham & Tinkham,* for appellees.

LAYMON, J.—Appellee James McCullom sought by this action to recover damages alleged to have been occasioned by the acts and conduct of appellee George Zorich and appellant, Sinclair Refining Company.

The complaint was in one paragraph and, omitting the formal parts, is as follows:

"That heretofore, and on the 28th day of July, 1936, the defendant, George Zorich, caused to be filed in the Clerk's Office of the Lake Superior Court, sitting at Hammond, Indiana, his certain complaint against this plaintiff under Cause No. 47012 of said court, and wherein, the defendant, Sinclair Refining Company, a corporation, was made co-defendant with this plaintiff; that said cause of action is still pending and this plaintiff and his co-defendant, Sinclair Refining Company, have been duly served with process to appear to said action on the 15th day of September, 1936.

"That said complaint alleges that this plaintiff, James McCullom, one of the defendants named therein, is indebted to George Zorich, the plaintiff in said cause and one of the defendants herein, in the sum of twenty-one and 19/100 Dollars ($21.19) for board, lodging and entertainment, all of which is now due, owing and unpaid; that said plaintiff made a demand on said defendant for said amount due but that the defendant failed and refused to pay the same; that the defendant, Sinclair Refining Company is made a defendant thereto, for the purpose of answering as to what, if any, amount it may have in its hands belonging to the defendant, James McCullom; that the prayer of said complaint is as follows: 'Wherefore, plaintiff

prays the Court for a lien against the defendant, James McCullom's wages from the Sinclair Refining Company, in the sum of Twenty-five Dollars ($25) and for all other, further and proper relief.'

"The plaintiff herein further alleges that the indebtedness sued upon in the above described complaint, filed in said cause No. 47012, was contracted for the purchase from the defendant, George Zorich, of milk, candy and cigarettes for the use of his family and himself at various times during the months of April, May and June, 1936; that the defendant, George Zorich, extended credit to this plaintiff for such merchandise; that during said period, he was and still remains a resident householder of the State of Indiana, his household consisting of his wife, one child and himself; that at no time during said period, nor at any other time, did he or any member of his family board or lodge with said defendant, George Zorich, and neither did he nor any member of his family enjoy entertainment from said defendant, George Zorich, as contemplated in the so-called 'Innkeepers' Law' of the State of Indiana, and that none of said indebtedness was incurred for board, lodging or entertainment; that said allegation in the said complaint of the defendant, George Zorich, that said indebtedness was incurred for board, lodging and entertainment is entirely false. That said plaintiff was and still is unable to pay said indebtedness because of the small wages he received from said defendant, Sinclair Refining Company, for his labor on its behalf, and because of periodic illnesses during such employment.

"That at the time said defendant, George Zorich, filed his said complaint, as aforesaid, this plaintiff was and for a long time prior thereto had been, an employee of the defendant, Sinclair Refining Company, and as such employee, earned as wages, the sum of about thirty-five dollars ($35) for each two weeks period of such employment; that after the filing of said complaint and

the service of process upon the defendant, Sinclair Refining Company, and by reason thereof, said company failed and refused to pay to this plaintiff the wages due him on August 20, 1936, for the two weeks immediately preceding; that thereafter, and on the 28th day of August, 1936, said defendant, Sinclair Refining Company, discharged this plaintiff from its employment because of the filing of such action by said defendant, George Zorich, and now fails and refuses to pay said plaintiff any wages earned by him since August 5, 1936, thereby depriving said plaintiff of necessary funds with which to support himself and family.

"That by reason of the false allegation in the complaint hereinabove described, filed by the defendant, George Zorich, to the effect that the indebtedness therein alleged was contracted for board, lodging and entertainment under what is known as the 'Innkeepers' Law' of the State of Indiana, said plaintiff has been greatly damaged in this, that his credit and standing in the community in which he lives and among his friends and acquaintances and creditors has been greatly injured to his personal embarrassment and that of his family; that since the filing of said complaint, he has been unable to procure credit for the necessary support of himself and family, all to their great chagrin and suffering; that at the time of the filing of said complaint by the defendant, George Zorich, this plaintiff was in the course of constructing a small home for himself and family and was depending upon his wages due on the 20th day of August, 1936, to buy the necessary building supplies to continue such construction but that because of the filing of said complaint and the failure and refusal of said defendant, Sinclair Refining Company, to pay him such wages on account thereof said plaintiff was deprived of the necessary funds to proceed with such construction, and that part which had been erected and the lumber and other supplies on the premises have been greatly damaged by reason

of such inability to continue and complete said home; that the filing of such complaint has greatly injured his prospects for employment by other industries in the community, all to his further damage.

"And said plaintiff further alleges that said defendant, Sinclair Refining Company, knew or should have known by the exercise of reasonable care that the allegations of said complaint to the effect that the indebtedness therein sued upon was incurred for board, lodging and entertainment was wholly false; that it was the duty of said defendant, Sinclair Refining Company, to reasonably investigate the circumstances of said indebtedness and to properly and diligently determine its rights in the premises as well as the rights of this plaintiff, but that notwithstanding such duty, said defendant, Sinclair Refining Company, wrongfully withheld this plaintiff's wages and failed and refused and still fails and refuses to pay him such wages although long past due, and wrongfully discharged this plaintiff from its employment as aforesaid.

"And the plaintiff further alleges that even though the allegation of the complaint filed by the defendant, George Zorich, as hereinabove described, to the effect that the indebtedness sued upon was incurred for board, lodging and entertainment were true, yet said defendants and each of them knew or should have known, by the exercise of reasonable care, that the so-called 'Innkeepers' Law,' under the provisions of which said action was brought, as applied in said action to this plaintiff as a defendant therein, was unconstitutional and void in that it violates Section 22, Article 1 of the Bill of Rights of the Constitution of the State of Indiana in that it wholly fails to recognize the privilege of the debtor to enjoy the necessary comforts of life by exempting a reasonable amount of property from seizure or sale for the payment of any debt or liability thereafter contracted, and that said law further violates Section 23, Article 1 of the Bill of Rights

of the Constitution of the State of Indiana, by disregarding the injunction therein contained that the General Assembly shall not grant to any citizen or class of citizens, privileges or immunities which, upon the same terms, shall not equally belong to all citizens; and that said law further violates the Fourteenth Amendment to the Constitution of the United States which provides that no state shall deny to any person within its jurisdiction the equal protection of the laws; that the General Assembly of the State of Indiana, in obedience to the provisions of said Section 22, Article 1 of the Bill of Rights of the Constitution of the State of Indiana, has enacted a general exemption law, designating the amount of exemption of all resident householders of the State of Indiana; that this plaintiff is entitled to the protection of such law and of the said provisions of the Constitution of the State of Indiana and the Fourteenth Amendment to the Constitution of the United States.

"That the institution of said false suit against this plaintiff by the defendant, George Zorich, and the further wrongful acts and omissions of the said defendants and each of them as herein alleged, has damaged this plaintiff in the sum of Two Thousand Dollars ($2,000).

"Wherefore, plaintiff demands judgment against said defendants and each of them in the sum of Two Thousand Dollars ($2,000) and for all other and further proper relief."

Appellant appeared to the action and filed a motion to require the plaintiff to separate the complaint into separate paragraphs and to docket each paragraph as a separate cause, and also filed a motion to strike out parts of the complaint. Both of these motions were overruled. Appellant filed an answer in two paragraphs, the first a general denial and the second in substance alleging, that at the time appellant was made a party defendant in cause No. 47012, entitled

George Zorich v. James McCullom and Sinclair Refining Company, in the Lake Superior Court, Room No. 5, there was due from it to McCullom wages earned by him in the amount of $25; that by reason of the allegations in said proceedings instituted in the aforementioned cause to the effect that the plaintiff therein was demanding judgment in the amount of $25, and a lien against the wages due from the employer in said amount, and that the lien therein asserted was alleged to be one to foreclose a boarding house lien, it did withhold and retain wages due McCullom in the amount of $25 during the pendency of said action; that the employment of appellee McCullom with appellant was terminable at will; that appellee McCullom voluntarily terminated his employment; and that thereafter on October 24, 1936, this appellant paid to appellee McCullom, in satisfaction of all claims he might have against it, the wages it had withheld from him during the pendency of said cause of action, pursuant to which said appellee McCullom executed a release and receipt to this appellant.

To this second paragraph of answer appellee McCullom filed a reply in general denial. Appellee Zorich did not appear to the action and was defaulted. (Hereafter the term "appellee" will refer only to McCullom).

The issues thus formed were submitted to the court with the intervention of a jury. The jury returned into open court a verdict in favor of appellee and against both defendants and assessed the damages at $1,000, $500 each. The court refused to accept this verdict and conversed with the foreman of the jury about it. Pursuant to this conversation the jury again retired and later returned the following verdict: "We, the jury, find for the plaintiff against both defendants, and assess his damages at one thousand dollars." Ap-

pellant objected to the acceptance of the second verdict and filed a motion for a *venire de novo,* which motion was overruled, and judgment was rendered in accordance with the second verdict.

In due time appellant unsuccessfully moved for a new trial upon the grounds that the verdict of the jury is not sustained by sufficient evidence, that the verdict of the jury is contrary to law, error in the admission of certain testimony, excessive damages, and error in the giving of and refusal to give each of certain instructions. Appellant then perfected this appeal, assigning as errors the action of the trial court in overruling its motion for a new trial, in overruling its motion for a *venire de novo,* in overruling its motion to strike out parts of the complaint, and in overruling its motion to separate the complaint into paragraphs and to docket each paragraph thereof as a separate action.

Appellee asserts that by the allegations of his complaint it became an issuable fact that due to his discharge by appellant, which he contends was wrongful, he was prevented from securing other employment or from being retained as an employee by subsequent employers, to his injury and damage. The attempted proof that his discharge by appellant injured him in subsequent employments or attempts to secure employment consisted only of his own testimony. He was permitted to testify, over the objection of appellant, the reasons assigned to him by prospective employers why they would not employ him and the reasons given him by subsequent employers for discharging him. The objection to this evidence was upon the ground that it was hearsay. Appellee seeks to justify the admission of this testimony as *res gestae,* stating that the modern tendency is to broaden rather than to narrow the hearsay rule and that questions of

this character must be left largely to the sound discretion of the trial court.

It clearly appears that these conversations were not held in the presence of appellant and that there was no showing that the other parties to the conversation were not available as witnesses, and there was obviously no element of spontaneity in any statement they made to appellee. If the evidence under consideration was hearsay, it was inadmissible and hence not binding on appellant. It is evident that the sole purpose of eliciting the facts stated by the witness was to establish the fact that appellee was unable to secure employment or retain his employment with subsequent employers. We think that the evidence was hearsay and should have been excluded and that it does not come within any of the exceptions. *American Express Co.* v. *Patterson* (1881), 73 Ind. 430. This evidence necessarily affected a vital question in the case and must be regarded as harmful.

It is next insisted by appellant that the verdict is not sustained by sufficient evidence. It is urged that the evidence discloses that appellee was not discharged by appellant but that he voluntarily quit his employment. There was a conflict of the evidence upon this subject, and the question was properly left to the jury. The fact, however, as to whether appellee was discharged or voluntarily quit, we think, is immaterial when considered in view of the undisputed evidence disclosing that during the period in question and at the time when appellee is alleged to have been wrongfully discharged, he was in the employment of appellant by virtue of a written contract containing the provision that "either party may terminate this contract at any time, *with or without cause.*" (Our italics).

Appellee does not proceed upon the theory that the defendants conspired to accomplish the wrong complained of, nor does the complaint charge a conspiracy on the part of the defendants. Neither is there any charge of fraud, duress, or any other valid ground which would prevent appellant from discharging appellee under the contract, with or without cause.

There is a total lack of evidence to show that at the time appellee's employment terminated, whether voluntary or involuntarily, appellant was not exercising a lawful right expressed in a written contract properly executed by the parties and in full force and effect at the time.

Complaint is made of the giving by the court upon its own motion of Instruction No. 18. This instruction authorized the jury to award punitive or exemplary damages.

It must be conceded, as a general rule, that in order that there may be a recovery of exemplary damages, there must be present in the circumstances some element of malice, fraud, or gross negligence. In other words, the wrongs to which exemplary damages are applicable are those, which besides violating a right and inflicting actual damages, import insult, fraud, or oppression and are not merely injuries, but injuries inflicted in a spirit of wanton disregard of the rights of others.

Mere negligence alone does not authorize punitive damages. *Moore* v. *Crose* (1873), 43 Ind. 30; *Louisville, etc., Railway Co.* v. *Shanks* (1884), 94 Ind. 598.

Appellee attempts to justify the giving of this instruction upon the ground that the complaint in this action charged that the action instituted by Zorich against appellee was absolutely false, thereby implying malice. Whether this instruc-

tion was proper in determining the amount of damages to be awarded appellee as against Zorich, we need not decide. The court did not limit the instruction to the defendant Zorich. In view of the allegations contained in the complaint and the evidence most favorable to appellee, we are compelled to hold that the charge and proof do not extend beyond mere negligence on the part of the appellant, and therefore the instruction was beyond the issues and not applicable to the evidence.

These considerations lead to the conclusion that the judgment must be reversed, and there is no occasion to decide other questions presented by the record as they are not likely to arise in a subsequent trial.

Judgment reversed, and the court is directed to grant a new trial.

Bridwell, P. J., concurs.