## OHIO FINANCE COMPANY *v.* BERRY ET AL.

[No. 27,633.   Filed October 27, 1941.]

95

*Lutz, Johnson & Lutz,* of Indianapolis (*William E. Bussell,* of Greenfield, of counsel), for appellant.

*Louis Rosenberg,* of Indianapolis (*Jackson & Van Duyn,* of Greenfield, of counsel), for appellees.

*Hammond, Buschmann, Krieg & DeVault,* of Indianapolis, amici curiae.

SHAKE, J.—The appellees were plaintiffs below and their complaint was in three paragraphs. The first paragraph sought damages for trespass to personal property; the second charged conversion of said property; and the third was for malicious prosecution of an action brought by the appellant to replevin said property.

There was an amended plea in abatement to the complaint as a whole, to which the trial court sustained a demurrer for want of facts. This ruling is assigned as error. The amended plea alleged merely that prior to the commencement of the present action the appellant filed a complaint in replevin against the appellees before a justice of the peace, which complaint was set out in full, and that the action was venued to the

municipal court of the county, where it was pending without a final judgment.

It does not appear from the plea that the property sought to be replevied was the same as that with respect to which trespass and conversion were claimed. The test to determine whether the second action should be abated is whether the relief sought in the second is the same as in the first action, or whether a judgment, if rendered on the merits in the first, could be pleaded as a bar in the second. *Heaton, Rec., v. Estate of Wilson* (1925), 82 Ind. App. 484, 146 N. E. 588. It is unnecessary to consider whether actions for trespass upon or conversion of personal property may be abated on account of the pendency of another action between the same parties for the replevin of the same property. There was no error in sustaining the demurrer to the plea in abatement.

The only other errors relied upon by the appellant relate to the overruling of its motion for a new trial, under the specifications that the verdict is not sustained by sufficient evidence, that it is contrary to law, and that the damages assessed by the jury are excessive.

The verdict was general, and the judgment will not be disturbed for insufficiency of the evidence if it sustains either paragraph of complaint. *Union Traction Co.* v. *Smith* (1921), 76 Ind. App. 487, 130 N. E. 813. We may therefore consider only the evidence relating to the paragraph of complaint seeking damages for trespass to personal property. It appears that the appellant sent its agent and a constable to the home of the appellees and had them unlawfully seize and carry away household goods of the value of $200 belonging to the appellees, under pretext of authority of a writ of replevin, which was void;

that the appellees were deprived of the use of their property for several months; and that the appellees were subjected to great embarrassment, humiliation, and disgrace. This is sufficient to sustain a verdict in favor of the appellees. *Richardson* v. *Brewer* (1881), 81 Ind. 107. It will also support the recovery of exemplary damages, and we cannot say that a verdict for $1,300 is excessive. *Sinclair Refining Co.* v. *McCullom* (1940), 107 Ind. App. 356, 24 N. E. (2d) 784; *Ault* v. *Phillips* (1941), 108 Ind. App. 535, 27 N. E. (2d) 379; *Aufderheide* v. *Fulk* (1917), 64 Ind. App. 149, 112 N. E. 399.

The judgment is affirmed.

NOTE.—Reported in 37 N. E. (2d) 2.