Isobel **ADAMSON, Individually, and as Substitute Personal Representative of the Estate of Thomas Adamson, Deceased, Appellant–Plaintiff Below,**

v.

**NORWEST BANK INDIANA, N.A., Appellee–Defendant Below.**

**No. 71A03–9211–CV–362.**

Court of Appeals of Indiana, Third District.

April 27, 1994.

Transfer Denied Aug. 24, 1994.

---

See also 609 N.E.2d 35.

Robert J. Palmer, John H. Peddycord, May, Oberfell & Lorber, South Bend, for appellant.

Thomas H. Singer, Carmen M. Piasecki, Nickle & Piasecki, South Bend, for appellee.

STATON, Judge.

Isobel Adamson appeals an award of attorney fees in her breach of trust action, contending that the award of fees is inadequate. We affirm.

In contravention of bank policy, a trust officer at Norwest Bank ("Bank") prepared a trust instrument for Thomas Adamson (Isobel's husband). The instrument provided that upon Thomas Adamson's death, the assets of his estate were to fund a trust; the Bank was named as the trustee. Later, Thomas Adamson died leaving a tool shop as his primary asset. Bank officials declined to become involved in the day-to-day operations of the tool shop under the terms of the trust, but it did offer to pay legal fees to terminate the trust.[1] Mrs. Adamson's attorney submitted to the Bank a bill for $12,736.05 which the Bank rejected.

Mrs. Adamson (individually and as the personal representative of the Estate of Thomas Adamson) filed a complaint against Norwest Bank alleging: negligence, the unauthorized practice of law (subsequently withdrawn), misrepresentation, breach of fiduciary duty pursuant to IND.CODE 30–4–3–11, tortious breach of contract (subsequently dismissed), promissory estoppel, constructive fraud, and legal malpractice. At trial, Mrs. Adamson moved to conform the pleadings to the evidence (to include a breach of contract claim based upon Bank's representation that it would pay Mrs. Adamson's attorney fees).

The jury returned a general verdict, awarding attorney fees in the amount of $11,136.05. On the issue of punitive damages, the jury found in favor of Bank.

---

1. Both parties agreed that the closely-held business should not be managed under the terms of a trust instrument and that Isobel Adamson should be appointed the personal representative of her husband's estate. Supp.Record, p. 220.

■ Mrs. Adamson contends that the judgment is inadequate as a matter of law because: I.C. 30–4–3–11(b)(4) and I.C. 30–4–3–22(e) provide for the recovery of attorney fees where a breach of trust is established; in returning a general verdict, the jury found that a breach of trust occurred; and attorney John Peddycord testified that a reasonable fee for his services would range from $106,000.00 to $120,000.00.

I.C. 30–4–3–22(a)(3) provides: "A beneficiary of a trust may maintain an action ... to compel the trustee to redress a breach of trust[.]" Subsection (e) provides: "If a beneficiary successfully maintains an action under subsection (a) of this section ... he is entitled to a judgment for reasonable attorney's fees."

I.C. 30–4–3–11(b)(4) provides: "If the trustee commits a breach of trust, he is liable to the beneficiary for reasonable attorney's fees incurred by the beneficiary in bringing an action on the breach."

■ A breach of trust is a violation by the trustee of any duty which as trustee he owes to the beneficiary. *First Nat. Bank of Colorado Springs v. McGuire* (7th Cir.1950), 184 F.2d 620, 625.

Mrs. Adamson alleged that a Bank employee encouraged the execution of inappropriate estate planning documents. Moreover, she alleged that a Bank representative promised to pay the legal fees necessary to administer the decedent's estate and terminate the improper trust. In reviewing a judgment entered upon a general verdict, we assume that the jury resolved both of these disputed issues in Mrs. Adamson's favor after hearing the relevant evidence. *Chicago, I. & L. Ry. Co. v. Pritchard* (1906), 168 Ind. 398, 417, 79 N.E. 508, *reh. denied.*

■ Adamson correctly argues that a general verdict is a finding in favor of the prevailing party on all of the material issues in the case. *Bender v. Peay* (1982), Ind.App., 433 N.E.2d 788, 790. Where the jury returns a general verdict in favor of the plaintiff, it necessarily finds that the averments necessary for recovery are established, but does not necessarily find that the plaintiff is entitled to the *exact amount demanded.*

*Township of Haddon School of Sullivan Co. v. Willis* (1936), 209 Ind. 356, 360–61, 199 N.E. 251 (emphasis added).

■ I.C. 30–4–3–11(b)(4) and I.C. 30–4–3–22(e) authorize the recovery of "reasonable" attorney fees necessary to redress a breach of trust. The instant breach of trust was redressed by the execution of appropriate probate documents; an action was initiated to compel payment for that service. Inasmuch as Mrs. Adamson established that a breach of trust occurred, she is entitled to recover reasonable attorney fees.

■ In reviewing an award of attorney fees, we do not reweigh the evidence presented at trial and substitute our judgment for that of the factfinder. *Seibert v. Mock* (1987), Ind.App., 510 N.E.2d 1373, 1378. Here, the jury heard extensive evidence concerning attorney fees—including evidence that Mrs. Adamson would have incurred certain attorney fees had no trust existed (e.g. preparation of her will). We will not second guess the jury's determination that $11,136.05 (rather than $106,000.00) constitutes "reasonable" attorney fees for the execution of appropriate documents and related litigation in connection with an estate valued at $300,000.00.

The instant award of attorney fees is affirmed. We remand for a hearing on a reasonable amount to be awarded for appellate attorney fees.

CHEZEM, J., concurs.

GARRARD, J., concurs in part and dissents in part with separate opinion.

GARRARD, Judge, concurring in part and dissenting in part.

While I agree with the result reached by the majority in affirming the jury award of $11,136.05, I cannot agree with its rationale or with the determination that Ms. Adamson is entitled to appellate attorney fees on remand.

As recounted by the majority, Adamson commenced this action alleging eight theories for recovery, including breach of trust, and at the conclusion of evidence successfully added

a claim for breach of contract. The jury returned a verdict in her favor "on the issue of compensatory damages and award[ed] the amount of $11,136.05."

On appeal she contends that this general verdict *necessarily* found for her on the breach of trust claim which would invoke the statutory right to recover reasonable attorney fees, including appellate attorney fees, found in I.C. 30–4–3–11(b)(4) and 30–4–3–22(e). From this she urges that in view of the evidence concerning the value of reasonable attorney fees for this litigation, the verdict was substantially inadequate and that she is, in addition, entitled to appellate attorney fees.

Although sustaining the amount awarded by the jury, it appears to me that the majority has necessarily adopted this rationale.

I believe it is correct to say that when the jury has been instructed on several theories it is our duty to sustain the judgment upon any theory supported by the evidence. *Ohio Finance Co. v. Berry* (1941) 219 Ind. 94, 37 N.E.2d 2 (evidence sufficient if it sustains either paragraph of complaint); *English Coal Co. v. Durcholz* (1981) Ind.App., 422 N.E.2d 302.

Furthermore, it is well established that the general verdict constitutes a finding of every material fact necessary to support it. *Bender v. Peay* (1982) Ind.App., 433 N.E.2d 788, 790. (If the verdict be for the defendant, it must necessarily negate each of plaintiff's claims.)

Those principles are matters of everyday use in our appellate courts. They are premised on the notion that appellate review should proceed from the perspective that the jury is the constitutionally empowered factfinder, and we are to presume the jury followed the law in reaching its decision. In other words, we are to assume the jury found the facts necessary to the result it reached so that in our review we accord to it the power granted it by the constitution.

I strongly favor that perspective. But for me these principles provide no basis for ascribing to the jury determinations wholly unnecessary to its result. And such is the case if we are to say that a finding for a plaintiff necessarily constitutes a finding for the plaintiff on *each and every* separate theory of the complaint. If the jury finds for the plaintiff it is logical to assume that it found the existence of the material facts necessary for recovery. Logic does not, however, dictate that if a jury had before it claims for breach of contract, negligence, fraud and breach of trust any finding for the plaintiff must necessarily mean that the jury found for her on each and every claim.

In the case before us there was evidence that would support the determination that Norwest contracted to pay the cost to draw up the documents necessary to undo the inappropriate estate plan and the amount of the verdict approximated the billing submitted for that work. On the other hand, there was substantial evidence from which the jury might have concluded that the bank was not liable for breach of trust because Adamson was well aware that the bank officer was acting wholly outside the scope of his authority when he prepared the trust instrument. Indeed, the trial judge speculated that such was the case.

Because the evidence sustains the claim for breach of contract and the damage award is consistent with such a determination, I concur in affirming the verdict. Because, however, there is no clear indication that the jury found breach of trust by the bank, I dissent from the remand for the award of appellate attorney fees.